[No. C006158. Third Dist. Feb. 15, 1990.]

PATRICIA ANN CHRISTIANS, Plaintiff and Appellant, v.
LARRY CHESTER et al., Defendants and Respondents.

**COUNSEL**

Burns & Burns and Ronald F. Burns for Plaintiff and Appellant.

Moss & Enochian, John Sullivan Kenny and Fredrick E. Clement for Defendants and Respondents.

**OPINION**

**SPARKS, J.—** ■ The sole issue presented in this appeal is whether a police officer demanding suspected stolen property from a pawnbroker is limited to requesting that the property be placed on hold as provided in Business and Professions Code section 21647 or whether that section merely establishes an alternative procedure to that permitted under Financial Code section 21206.7, which requires only that the officer provide a receipt for property upon seizing it.[1] Defendant Larry Chester, a Shasta County

---

[1] Business and Professions Code section 21647 provides in relevant part: "(a) Whenever any peace officer has probable cause to believe that property in the possession of a pawnbroker or secondhand dealer is stolen, the peace officer may place a hold on the property for a period not to exceed 90 days. The peace officer shall give the pawnbroker or secondhand dealer a written notice at the time the hold is placed, describing the item or items to be held. During that period the pawnbroker or secondhand dealer shall not release or dispose of the property, except pursuant to a court order or upon receipt of a written authorization signed by any peace officer who is a member of the law enforcement agency of which the peace

Deputy Sheriff, arrested plaintiff Patricia Ann Christians, a pawnshop owner, for interfering with an officer's performance of his duties when Christians refused to give Chester an allegedly stolen ring in exchange for a receipt. Christians then sued Chester and Shasta County for false arrest and imprisonment.

Christians repeats on appeal the argument she made below that her arrest was unlawful because Chester was required to follow the provisions of section 21647 by requesting that Christians place a hold on the ring and that Chester had no authority to demand the ring. This single issue was tried before the court below which rejected Christians's argument and entered judgment for Shasta County and Deputy Chester. We agree with the trial court's ruling and therefore affirm the judgment.

Christians argues the Legislature in enacting section 21647 sought to establish procedures for controlling property in the possession of pawnbrokers which would be uniform throughout the state and that therefore this statute must be read as mandatory. This contention disregards the wording of the statute, its legislative history, and the state of the law at the time the legislation was enacted.

Most importantly, section 21647, subdivision (a), provides only, "Whenever any peace officer has probable cause to believe that property in the possession of a pawnbroker . . . is stolen, the peace officer *may* place a hold on the property . . . ." (Stats. 1986, ch. 826, § 6, p. 2810, italics added.) By its own terms, then, the statute merely offers police officers one procedure which they may adopt. There is no language in the statute which expressly or impliedly prohibits an officer from seizing property.

The Legislative Counsel's Digest of the bill creating this statute states, "Existing law does not authorize a peace officer to place a hold on property in the possession of a pawnbroker where there is probable cause to believe it is stolen. [¶] This bill would authorize such a hold . . . ." (See Legis. Counsel's Dig., Sen. Bill No. 1833, 4 Stats. 1980 (Reg. Sess.) Summary

---

officer placing the hold on the property is a member. . . . [¶] (b) Whenever property that is in the possession of a pawnbroker or secondhand dealer is subject to a hold and the property is required by a peace officer in a criminal investigation, the pawnbroker or secondhand dealer, upon reasonable notice, shall produce the property at reasonable times and places upon the request of any peace officer who is a member of the law enforcement agency of which the peace officer placing the hold on the property is a member. . . ." (Stats. 1986, ch. 826, § 6, p. 2810.)

Financial Code section 21206.7 provides in relevant part: "Whenever any property is taken from a pawnbroker by a peace officer which is alleged to be stolen property, the police officer shall give the pawnbroker a receipt for the property . . . ."

All statutory references are to the Business and Professions Code unless otherwise indicated.

Dig., p. 70.) It was accepted at the time this statute was enacted that police officers had the authority to seize stolen property from pawnbrokers. (59 Ops.Cal.Atty.Gen. 195 (1976).) The legislative analysis manifests no intent to limit the preexisting powers of law enforcement agencies. Rather the obvious purpose was to authorize an additional procedure for use by the police.

The Legislature also formally stated its intent in adopting the article containing section 21647: "It is the intent of the Legislature in enacting this article to curtail the dissemination of stolen property and to facilitate the recovery of stolen property by means of a uniform, statewide, state-administered program of regulation of persons whose principal business is the . . . taking in pawn of tangible personal property . . . . [¶] Further, it is the intent of the Legislature in enacting this article to [establish procedures which will] aid in tracing and recovering stolen property." (§ 21625.) The Legislature obviously intended to regulate pawnbrokers, not the police, and to facilitate and expedite law enforcement activities, not to restrict them.

Christians also misconstrues the language in section 21625 quoted above concerning statewide uniformity. That wording refers to requiring uniform behavior *from pawnbrokers* to further law enforcement purposes as is made obvious by the fact that the article consists primarily of statutes concerning reporting rules, requirements that pawnbrokers comply with the relevant statutes and pawnbroker licensing laws. (§§ 21626, 21628, 21640, 21641, 21645.)

In addition, the receipt procedure authorized under Financial Code section 21206.7 already existed when section 21647 was enacted. (Stats. 1979, ch. 1037, § 9, p. 3613 [Fin. Code, § 21206.7]; Stats. 1980, ch. 256, § 1, p. 530 [§ 21647].) Adopting Christians's position would require assuming the Legislature impliedly repealed the earlier statute in passing section 21647. ■ However we presume the Legislature is aware of existing law when it passes a statute and that it intends to maintain a consistent body of laws. Repeal by implication is disfavored and will be found only where it is impossible to rationally harmonize the differing provisions. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 6-7 [128 Cal.Rptr. 673, 547 P.2d 449]; *Consumers Union of United States, Inc.* v. *Fisher Development, Inc.* (1989) 208 Cal.App.3d 1433, 1443-1444 [257 Cal.Rptr. 151].) ■ The two procedures at issue here can be harmonized easily as alternative methods available to the police in their discretion and there is therefore no basis for finding an implied repeal in section 21647.

Finally, because police officers have held the power to seize items from pawnbrokers under the plain-view doctrine, section 21647 would have to

contain express language limiting that power in order to be read as Christians suggests. ■ A police officer may lawfully seize evidence of a crime observed from a place where the officer is lawfully present. (*People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1075 [259 Cal.Rptr. 630, 774 P.2d 659]; *North* v. *Superior Court* (1972) 8 Cal.3d 301, 306-307 [104 Cal.Rptr. 833, 502 P.2d 1305, 57 A.L.R.3d 155] [limited on other grounds]; *De Lancie* v. *Superior Court* (1982) 31 Cal.3d 865, 873-876 [183 Cal.Rptr. 866, 647 P.2d 142]; *People* v. *Glance* (1989) 209 Cal.App.3d 836, 846 [257 Cal.Rptr. 522].) This is because a plain-view observation does not constitute a search. (*Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 634 [108 Cal.Rptr. 585, 511 P.2d 33]; see *People* v. *Doty* (1985) 165 Cal.App.3d 1060, 1066-1068 [212 Cal.Rptr. 81] [seizure of suspected stolen auto parts from wrecking yard proper where yard open to the public and parts observable by anyone present].)

■ The ring at issue here was displayed in a case in the pawnshop. It had been identified as stolen by its owner. The ring was therefore in plain view and the police had probable cause to believe it was evidence of a crime. Under the rules stated above the police were authorized to seize the ring and Financial Code section 21206.7 required only that Chester provide Christians a receipt. The two statutes at issue here represent alternative, not exclusive, procedures, and Chester was entitled to demand the ring in exchange for a receipt.

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 16, 1990.