[No. D053190. Fourth Dist., Div. One. Mar. 24, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANTHONY HERNANDEZ et al., Defendants,
NIGAL, INC., et al., Claimants and Appellants.

**COUNSEL**

The Law Offices of Jon Webster, Jon Webster and Michael Devin for Claimants and Appellants.

John J. Sansone, County Counsel, and Morris G. Hill, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**McINTYRE, J.**—In this case, we conclude that pawnbrokers have a right to procedural due process before a court can order that stolen property in their possession and subject to a 90-day hold under Business and Professions Code section 21647, be returned to the purported owners of the property. (All statutory references are to the Business and Professions Code unless otherwise designated.) We also reject the People's argument that the pawnbrokers, as nonparties to the action, lacked standing to appeal and that the order to turn over the property was not appealable.

## FACTUAL AND PROCEDURAL BACKGROUND

Michael Anthony Hernandez and Steven Wade Gardner (defendants) admitted committing several residential burglaries and pawning the victims' property to certain pawnshops, including Nigal, Inc. (doing business as Express Financial Services and Express Pawn), and Unique Pawnbrokers, Inc., and Larry Taylor (doing business as Golden Hill Pawnbrokers and University Pawn Broker; collectively with Nigal, Inc., the pawnbrokers). The victims identified their property and the police put a 90-day hold on the stolen property under subdivision (a) of section 21647.

After defendants indicated that they did not object to returning the stolen property to the victims before the final disposition of the case against them, the People sought an order requiring that the pawnbrokers release the property pawned by defendants to the police or the victims. The trial court issued the order without providing notice to the pawnbrokers, who timely appealed from the order.

## DISCUSSION

### I. *Standing to Appeal and Appealability*

The People assert we must dismiss the appeal because (1) the pawnbrokers are not parties to the action and lack standing to appeal and (2) the order is not appealable. We reject these contentions.

### A. *Standing*

■ Standing to appeal is jurisdictional (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 [50 Cal.Rptr.2d 493] (*Marsh*)) and the issue

of whether a party has standing is a question of law (*IBM Personal Pension Plan v. City and County of San Francisco* (2005) 131 Cal.App.4th 1291, 1299 [32 Cal.Rptr.3d 656]). Any party legally aggrieved by a challenged ruling has standing to appeal it (Code Civ. Proc., § 902) and a nonparty that is aggrieved by a judgment or order may become a party of record and obtain a right to appeal by moving to vacate the judgment (*Marsh, supra,* 43 Cal.App.4th at p. 295). Additionally, a nonparty may appeal if a judgment or order has a res judicata effect on the nonparty. (*Ibid.*) Such an effect on the nonparty must, however, be " ' "immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment [or order]" ' " in order to confer standing. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953].)

Here, the challenged order is binding and the injurious effect of the order on the pawnbrokers was immediate, pecuniary and substantial. It requires the pawnbrokers to unconditionally release the property in their possession. Accordingly, the pawnbrokers have standing to appeal from the order.

B. *Appealability*

■ The appealability of a judgment or order is also jurisdictional. (*Marsh, supra,* 43 Cal.App.4th at p. 297.) Generally, an order is not a final order until the final judgment in the matter has been entered. (*Ibid.*) However, a recognized exception to the "one final judgment" rule provides that an interim order is appealable if it is (1) collateral to the subject matter of the litigation; (2) final as to the collateral matter; and (3) directs the payment of money by the appellant or the performance of an act by or against appellant. (*Id.* at pp. 297–298.)

Here, the order is appealable as a final order on a collateral issue because it determined the pawnbrokers' rights to the property, a matter collateral to the main issue of defendants' guilt, and directed them to release the property to the police or the victims.

II. *Statutory Schemes*

■ The California Legislature has provided law enforcement with two avenues for facilitating the recovery of stolen property in the possession of a pawnbroker. (*Christians v. Chester* (1990) 218 Cal.App.3d 273, 277 [267 Cal.Rptr. 124].) First, provision specifically governing pawnbrokers (Fin. Code, § 21200 et seq.) allow law enforcement to seize allegedly stolen property from a pawnbroker and give the pawnbroker a receipt for the property (Fin. Code, § 21206.7). Under these statutes, if any person makes a claim of ownership, the custodian of the seized property must notify the

pawnbroker of the competing claim (Fin. Code, § 21206.8, subd. (b)(1)) and the pawnbroker then has 10 days to assert a claim to the property (*id.,* subd. (b)(2)). Before law enforcement can dispose of the property, it must comply with certain notice provisions to the pawnbroker and the purported owner of the property and a court will decide the final disposition of the property after also giving notice to any additional person as may be required by the court. (*Id.,* subd. (c); Pen. Code, § 1407 et seq.)

Alternatively, law enforcement can place a 90-day hold on property in possession of a pawnbroker upon probable cause to believe that the property was stolen. (§ 21647, subd. (a).) During the hold period, the pawnbroker cannot release or dispose of the property unless authorized by a court order or a written authorization signed by a member of the law enforcement agency that placed the hold on the property (*ibid.*) and, upon reasonable notice, the pawnbroker must make the property available to a member of the law enforcement agency that placed the hold on the property (*id.,* subd. (b)).

■ When property reported as stolen is no longer needed for a criminal investigation, the law enforcement agency is required to notify the person who reported the stolen property of the name and address of the pawnbroker holding the property (§ 21647, subd. (c)(1)) and inform the person (1) "[t]hat the law neither requires nor prohibits payment of a fee or any other condition in return for the surrender of the property" (*id.,* subd. (c)(2)) and (2) he or she must take "action" to recover the property from the pawnbroker within 60 days of the mailing of the notice and if this is not done, the pawnbroker can treat the property as other property received in the ordinary course of business (*id.,* subd. (c)(3)).

### III. *Analysis*

■ The federal and state Constitutions generally require that individuals be accorded procedural due process before being deprived of a protected property interest. (*Mathews v. Eldridge* (1976) 424 U.S. 319, 332 [47 L.Ed.2d 18, 96 S.Ct. 893]; *Menefee & Son v. Department of Food & Agriculture* (1988) 199 Cal.App.3d 774, 780–781 [245 Cal.Rptr. 166].) This requirement ensures fair play, protects an individual's use and possession of property from arbitrary encroachment and minimizes unfair or mistaken deprivations of property. (*United States v. James Daniel Good Real Property* (1993) 510 U.S. 43, 53 [126 L.Ed.2d 490, 114 S.Ct. 492].) Whenever property is taken, due process requires some form of notice and a hearing (*Tyler v. County of Alameda* (1995) 34 Cal.App.4th 777, 783 [40 Cal.Rptr.2d 643]) and the need

for predeprivation process is not limited to real property, but extends to personal property as well (see, e.g., *Fuentes v. Shevin* (1972) 407 U.S. 67, 84 [32 L.Ed.2d 556, 92 S.Ct. 1983] (*Fuentes*) [involving ordinary household goods]).

■ Under California law, a person pawning property pledges it, transferring temporary possession of the property and a security interest in it to the pawnbroker. (Fin. Code, § 21000 [a pawnbroker receives goods "in pledge as security for a loan"]; *People v. MacArthur* (2006) 142 Cal.App.4th 275, 281 [47 Cal.Rptr.3d 736].) If the pledgor fails to redeem the "pledged property" by repaying the loan and any applicable charges within the specified loan period, title to the property passes to the pawnbroker and the property becomes "vested property." (Fin. Code, §§ 21002, 21201.)

Here, the record does not reflect the status of the property when the court issued its ex parte order. At a minimum, however, the pawnbrokers had a possessory interest in the pawned property entitling them to due process protection. (*Fuentes, supra*, 407 U.S. at p. 86; *Boddie v. Connecticut* (1971) 401 U.S. 371, 379 [28 L.Ed.2d 113, 91 S.Ct. 780] [right to due process extends to "any significant property interest"]; *G & G Jewelry, Inc. v. City of Oakland* (9th Cir. 1993) 989 F.2d 1093, 1098 (*G & G Jewelry*) ["[P]awnbroker, as pledgee, has a legitimate possessory interest in the property as against the rest of the world except the person having title to the property."].)

■ We reject the People's contention that the pawnbrokers lost any right to claim ownership of the property when defendants admitted stealing the property. While it is generally true that a thief cannot pass title to stolen property and that the true owner can reclaim the property from whoever has possession (*Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.* (1990) 218 Cal.App.3d 1354, 1359–1361 [268 Cal.Rptr. 16]), the People's argument improperly assumes that the individuals *claiming* ownership *were* the lawful owners of the property. However, a crime victim claiming to be the true owner of stolen property might be mistaken or there could be multiple crime victims claiming to be the lawful owner of the same piece of property. Until there is a judicial determination of any competing claims, a pawnbroker's possessory interest in the property constitutes a sufficient property interest warranting due process protection.

In any event, "[t]he right to be heard does not depend upon an advance showing that one will surely prevail at the hearing." (*Fuentes, supra*, 407 U.S. at p. 87; *Wolfenbarger v. Williams* (10th Cir. 1985) 774 F.2d 358, 361 [issue of whether pawnbroker will lose rights in stolen property is irrelevant to due process claim].) Stated differently, the fact that a pawnbroker's claim to the

property is disputed does not negate the pawnbroker's property interest or the pawnbroker's right to procedural safeguards mandated by the due process clauses of the federal and state Constitutions. (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 7.)

 Accordingly, the ex parte order giving the police or the previously identified crime victims the property must be reversed because it violated the pawnbrokers' procedural due process right to notice and an opportunity to be heard.

Finally, the ex parte order completely disregarded the statutory scheme pertaining to property in possession of a pawnbroker placed on hold by law enforcement. Where, as here, property reported as stolen is no longer needed for a criminal investigation, section 21647 requires the law enforcement agency that placed the hold on the property to inform the person who reported the stolen property that she must take "action to recover the property from the pawnbroker" within 60 days of the mailing of the notice and if this is not done the pawnbroker can treat the property as other property received in the ordinary course of business. (§ 21647, subd. (c)(3).) Nothing in section 21647 authorizes a court, the People or law enforcement to take the property from the pawnbroker and give it to the person claiming ownership. Rather, the statute expressly indicates that the person who reported the property as stolen must take some action to recover the property from the pawnbroker after receiving the required notice. (*G & G Jewelry, supra*, 989 F.2d at p. 1096 ["The statutory procedures do not purport to resolve ownership of the property; they only dictate which party is entitled to possess the property until ownership is resolved by negotiation, agreement, or by some sort of civil litigation."].)

With this said, we see no reason why the criminal court cannot provide a venue for the resolution of this issue or why law enforcement cannot lend assistance to crime victims in the recovery of their property. One possible way to settle the matter would be for law enforcement to seize the property that it placed on hold (Fin. Code, § 21206.8), thereby allowing the issue to be resolved via the existing statutory procedures that specifically provide for the return of stolen property to its victim-owner by the court having jurisdiction over the criminal matter (Pen. Code, §§ 1407 et seq. & 679.02, subd. (a)(9) [crime victims have a statutory right to "expeditious return of his or her property which has allegedly been stolen or embezzled, when it is no longer needed as evidence, as provided by Chapter 12 (commencing with Section 1407) and Chapter 13 (commencing with Section 1417) of Title 10 of Part 2"]).

## DISPOSITION

The order is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

Huffman, Acting P. J., and Haller, J., concurred.