Filed 6/27/13  Estate of Manwill CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of ESTELLE ELSA MANWILL, Deceased. | |
| DAVID G. MANWILL,<br><br>        Petitioner and Appellant,<br><br>v.<br><br>MARK M. MANWILL,<br><br>        Objector and Respondent. | A135783 & A136311<br><br>(Contra Costa County<br>Super. Ct. No. P11-00433) |

Petitioner David G. Manwill died after a notice of appeal was filed in this estate proceeding.  Another notice of appeal was filed after his death.  The consolidated appeals have been prosecuted by his son, David J. Manwill, who incorrectly asserts that he has the authority to represent his deceased father in a judicial proceeding under an alleged power of attorney.  Because David J. does not have standing to pursue these appeals, we order the appeals dismissed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2011, decedent Estelle Elsa Manwill executed a holographic will leaving her estate to her five living children.  She died two days later.  The estate primarily consists of real property in Contra Costa County and in South Lake Tahoe, with a combined value of $1,238,848.  The will was witnessed by nine witnesses, including David G., who was one of decedent's sons, as well as his son David J.  The will makes

outright gifts of real property to decedent's living children. The will also provides: "I do not want any of my property sold out side [*sic*] of my family for a minimum of 20 years." The will does not nominate or appoint an executor.

On April 13, 2011, David G. filed a petition for probate of his mother's will. He initially sought to be appointed as administrator of the estate, but several of his siblings objected. Respondent Mark Manwill, David G.'s brother, also filed a petition to administer the estate. Other family members objected to both brothers' petitions.

On June 28, 2011, the probate court appointed a private professional fiduciary, Michael Gardner, as special administrator.

On July 11, 2011, letters of administration were issued. A bond was filed in the sum of $160,000.

On December 9, 2011, respondent filed a petition seeking, in part, orders directing the partition and sale of certain real properties under Probate Code section 11950 et seq. He argued that the language in the will stating decedent's desire not to sell estate real property outside the family for 20 years was precatory and nonbinding. A portion of the petition that sought relief under Probate Code section 850, and which entailed the potential of a jury trial, was subsequently dismissed by respondent.[1]

On January 31, 2012, David G.'s attorney filed papers stating that his client had been hospitalized and was not able to discuss legal matters due to his illness.

On March 2, 2012, Gardner filed a report indicating that administration of the estate had become difficult due to the competing claims of family members. The report includes various recommendations regarding management of the real properties.

Also on March 2, 2012, David J. and David G. filed a self-styled "Petition for Redress," alleging that the probate proceedings "were wrongly initiated, involuntarily under the fraudulent guise of the probate court being a 'county clerk of record substitute'

---

[1] Dismissal was entered as requested on April 4, 2012. David J. had been named as a respondent in that portion of the petition, which sought the return of estate property and rents that he allegedly collected improperly.

2

for obtaining the necessary 'due process of law for official recognition of Family-business-holdings-administration.' "

On March 6, 2012, David G., through his own attorney, filed his objections and response to respondent's December 9, 2011 petition.

On March 9, 2012, the probate court approved several of the proposed recommendations set forth in Gardner's March 2, 2012 report.

On March 20, 2012, David G. and David J. filed a document stating their objections to the proposed orders and hearing.

On April 3, 2012, respondent filed a petition to terminate Gardner's services as special administrator, arguing that he was not serving the interests of the beneficiaries because he had "become dependent on a non-heir and abuser of the estate, David J. Manwill, in estate administration."

On April 10, 2012, the probate court filed its order after hearing with respect to the orders issued on March 9, 2012.

On April 18, 2012, Gardner's attorney filed a notice of entry of the April 10, 2012 order.

On April 26, 2012, the probate court denied David G. and David J.'s "Petition for Redress." According to the minute order, David J. was allowed to remain at the counsel table and speak only on behalf of himself, not his father. His motions for a jury trial and a continuance were denied.

On April 30, 2012, David J. filed a "Letter of Information" with the probate court, asserting that he had the right to represent his father as an attorney at law by virtue of a notarized power of attorney.

On May 4, 2012, David G. and David J. filed a motion to recuse the probate court judge, an objection to the proposed orders of April 26, 2012, and a "Letter of Request."

On May 8, 2012, the probate court found that while David J. might have a power of attorney as to David G., he did not have the right to appear as his father's attorney at law. The court denied the April 30, 2012 letter insofar as it sought to change the record.

3

The court also denied the objection filed on May 4, 2012, struck the letter of request and the motion to recuse, and denied David J.'s request for a continuance.

On June 15, 2012, David G. filed a notice of appeal. The notice references orders entered on April 18 and April 26, 2012. This is the notice pertaining to appeal No. A135783.

On June 22, 2012, a hearing was held on various issues pertaining to the administration of decedent's estate. The probate court concluded the will is valid and that the restriction on sale outside the family for 20 years is precatory rather than binding. The court further found that even if the restriction was binding it would constitute prohibited restraint on alienation under Civil Code section 880.020.

On June 26, 2012, respondent filed a notice of entry of order after the hearing on June 22, 2012.

On July 5, 2012, David G. reportedly died of cancer.

On July 18, 2012, the probate court filed its order addressing the appointment of a general estate administrator. As David G. had died, there was no longer any petition to compete with respondent's petition. The court granted respondent's petition and appointed respondent as administrator.

On August 16, 2012, David J., apparently acting on his deceased father's behalf, filed a notice of appeal of orders entered on "6-22-12, 7-18-12, etc." This is the notice pertaining to appeal No. A136311.

On January 23, 2013, we filed our order consolidating the two appeals.

**DISCUSSION**

As noted above, these appeals are being pursued by David G.'s son, David J., who, on appeal, again claims to be authorized to act under a "power of attorney" pertaining to his deceased father. Respondent argues these appeals should be dismissed because David J. lacks standing to appeal the challenged orders. Standing may be challenged at any time, even, in the first instance, on appeal. (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1345.) "Standing to appeal is jurisdictional [citation] and the issue of

4

whether a party has standing is a question of law [citation]." (*People v. Hernandez* (2009) 172 Cal.App.4th 715, 719–720.)

Every action must be prosecuted in the name of the real party in interest, and any aggrieved party may appeal from an adverse judgment. (Code Civ. Proc., §§ 367, 902.) "It is generally held, however, that only parties of record may appeal . . . ." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736.) Further, "Not every party has standing to appeal every appealable order. Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal." (*In re K.C.* (2011) 52 Cal.4th 231, 236.) "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*Ibid.*)

As David J. concedes his father is deceased, there is no longer a real party in interest with respect to these appeals. Although he purports to represent his father, presumably through a connection to his father's estate, " 'An estate or trust is not a legal entity, and therefore has neither capacity nor standing to sue[.] Title to estate or trust assets is held by the executor, administrator or trustee, on behalf of the beneficiaries. Thus, as to claims held by an estate or trust, the executor, administrator or trustee is the real party in interest. Such fiduciary has the right to sue[.]' [Citation.]" (*O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1095.) David J. does not claim to be an executor, administrator or trustee of his father's estate.

We also note that in matters governed by the Probate Code, "interested person[s]" are entitled to appear or object in writing at or before a hearing. (Prob. Code, § 1043, subd. (a).) The Probate Code defines an "interested person" as an "heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding." (Prob. Code, § 48, subd. (a)(1).) David J. is not named in decedent's will, therefore he does not qualify as an interested person as this term is defined by subdivision (a) of Probate Code section 48.

5

Additionally, David J. has not moved to be substituted as a party in his father's stead: "A pending action or proceeding does not abate by the death of a party if the cause of action survives" (Code Civ. Proc., § 377.21), and "Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." (Code Civ. Proc., § 377.20, subd. (a).) Certain procedural steps are necessary to continue a proceeding after the death of a party: "On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." (Code Civ. Proc., § 377.31.)[2] A substitution of parties during the pendency of an appeal is made by serving and filing a motion in the reviewing court in accordance with California Rules of Court, rule 8.36(a).)[3] Assuming, without deciding, that the instant proceedings have not been abated by David G.'s death, the record shows no such motions have been made. Additionally, there is nothing in the record on appeal demonstrating that David J. has acquired the status of a personal representative or a successor in interest as to David G. Accordingly, he has no status to substitute himself in place of his deceased father.

As noted above, David J. contends he has representative status by virtue of a power of attorney. Even if he had power of attorney as to his father, such power does not confer the right to practice law. (See *Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 547–548; *Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1831.) Further, assuming David J. did have the status of a practicing attorney, this would still not give him

---

[2] " 'Personal representative' means executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." (Prob. Code, § 58, subd. (a).) Additionally, according to Code of Civil Procedure section 377.11, " 'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."

[3] Rule 8.36(a) provides: "Substituting parties [¶] Substitution of parties in an appeal or original proceeding must be made by serving and filing a motion in the reviewing court. The clerk of that court must notify the superior court of any ruling on the motion."

standing.  An attorney is not a party aggrieved who is entitled to appeal from the judgment unless some exception applies.  (*In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136, 142–143 [attorney had no standing to appeal attorney fee order].)  David J. has not cited to any established exception to support standing to appeal as his father's attorney at law.

In light of our determination that David J. does not qualify as a real party in interest and does not otherwise have standing to pursue these appeals, we need not reach the merits of his contentions.

### DISPOSITION

The consolidated appeals are dismissed.  Respondent is entitled to costs on appeal.

_____
Dondero, J.

We concur:


_____
Margulies, Acting P. J.


_____
Banke, J.

7