Filed 2/17/21  P. v. Miller CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DAMEON MILLER, Defendant and Appellant. | B305719 (Los Angeles County Super. Ct. No. BA465938) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Dameon Miller of various crimes, and the trial court sentenced him to an aggregate prison term of 35 years, which included a five-year term for a prior serious felony conviction under Penal Code section 667, subdivision (a)(1).[1] Miller appealed and asked this court to remand the matter to allow the trial court to exercise its discretion whether to strike the five-year enhancement under section 667, subdivision (a)(1), and to give him an opportunity to request a hearing under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) on his ability to pay the fines and assessments the trial court imposed. This court affirmed Miller's convictions, vacated his sentence, and directed the trial court to consider whether to exercise its discretion to strike the five-year enhancement and to allow Miller to request a hearing on his ability to pay. (*People v. Miller* (Jan. 27, 2020, B294274) [nonpub. opn.].)

On remand the trial court considered whether to strike the five-year enhancement under section 667, subdivision (a)(1), without holding a hearing. Ruling in chambers, the trial court declined to strike the enhancement. The court's written "Order Pursuant to Remittitur" stated: "At the [original] sentencing this court made a very clear record of the egregious conduct [Miller] inflicted upon the victims. The court imposed [his] sentence pursuant to those facts. Upon reconsideration, the court declines to resentence the [section 667, subdivision (a)(1),] enhancement." The order also stated that, "[w]ith regard to the ability to pay issue, the court adopts the findings of" four post-*Dueñas*

---

[1]     Statutory references are to the Penal Code.

2

decisions[2] and that "[a]ny further request on the ability to pay" should be filed within 30 days. The trial court gave notice of its order to Miller, appellate counsel for Miller, and the prosecutor. After Miller failed to request a hearing on his ability to pay the fines and assessments within 30 days, the court adopted the order as its final ruling.

Miller appealed again, this time arguing that he had a right to be present at the resentencing hearing and to be assisted by counsel and that the "complete deprivation" of his right to be heard was prejudicial error. The People concede Miller is correct, and we agree. Miller also contends that, to the extent the trial court gave him an opportunity to request a hearing on his ability to pay, it failed to give notice to Miller's trial counsel, who Miller "reasonably expected . . . would respond." The People do not agree with this argument, but we do.

---

[2] The trial court cited *People v. Adams* (2020) 44 Cal.App.5th 828, *People v. Lowery* (2020) 43 Cal.App.5th 1046, *People v. Allen* (2019) 41 Cal.App.5th 312, and *People v. Kingston* (2019) 41 Cal.App.5th 272. As Miller observes in his opening brief, this "citation to multiple cases without explanation makes it difficult to know exactly" what the trial court ruled, but it appears the court "concluded there was no *Dueñas* error" before Miller had the opportunity to request a hearing. The Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, to decide whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and, if so, which party has the burden of proof regarding defendant's inability to pay.

3

**DISCUSSION**

Section 1260 provides that, where a reviewing court orders a limited remand, such as for the trial court to exercise sentencing discretion, the reviewing court may direct the trial court to conduct "such further proceedings as may be just under the circumstances." The directive in section 1260, that the further proceedings be "just under the circumstances," requires "the presence of defendant and his counsel on remand, at the first occasion on which the trial judge will consider whether to exercise his sentencing discretion in defendant's favor." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258 (*Rodriguez*).) The Supreme Court in *Rodriguez* explained that "to permit the trial court to decide how to exercise its discretion under section 1385 without affording defendant and his counsel an opportunity to address the subject would be manifestly unfair." (*Rodriguez,* at p. 260.)

Of course, a defendant also "has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings'" (*Rodriguez*, *supra*, 17 Cal.4th at p. 260), including sentencing (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348), and a constitutional right to counsel (*People v. Doolin* (2009) 45 Cal.4th 390, 453). But we need not reach Miller's constitutional arguments because his appeal "may be resolved on narrower statutory grounds" (*People v. Rocha* (2019) 32 Cal.App.5th 352, 357 (*Rocha*)) under section 1260. (See *People v. Hoyt* (2020) 8 Cal.5th 892, 949 ["'Our jurisprudence directs that we avoid resolving constitutional questions if the issue may be resolved on narrower grounds.'"]; *People v.*

4

*Buckhalter* (2001) 26 Cal.4th 20, 35 ["Under section 1260 *itself* . . . it was 'just under the circumstances' to require the defendant's presence with counsel on remand . . . in order to allow the defendant to advance any arguments for the favorable exercise of the court's discretion."]; *Rodriguez,* at p. 260 [because "section 1260 provides sufficient authority to require defendant's presence on remand," we "need not rest our decision on constitutional grounds"].)

As the People concede, the trial court violated Miller's rights under section 1260 by considering whether to exercise its discretion to strike Miller's prior serious felony conviction without allowing Miller or his attorney to be present and participate.  And because Miller and his attorney were not there, we (and the trial court) cannot know what arguments they may have made or what evidence they may have submitted at the resentencing hearing.  (See *Rodriguez, supra,* 17 Cal.4th at p. 259 ["The evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion."]; *People v. Cutting, supra,* 42 Cal.App.5th at p. 350 [same]; *People v. Hernandez* (2009) 172 Cal.App.4th 715, 722 [the "'right to be heard does not depend upon an advance showing that one will surely prevail at the hearing'"]; *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1771 ["To say that sentencing decisions are discretionary is to say that different reasonable decision makers—or, as in this case, the same reasonable decision maker at different times—could arrive at different decisions, even on the same facts."].)  The People concede the trial court's error was prejudicial, observing "the trial

court rested its resentencing decision on the circumstances of the underlying crimes and did not consider any relevant information that [Miller] or his counsel may have been able to bring to its attention concerning the prior serious felony conviction enhancement. Accordingly, a second remand is warranted for this issue." (See *Rodriguez, supra,* 17 Cal.4th at pp. 259-260; *Rocha, supra,* 32 Cal.App.5th at p. 359 ["We follow the *Rodriguez* court and conclude that remand is necessary."].)[3]

Miller also asks for an opportunity on remand to request a hearing on his ability to pay the fines and assessments. The People contend that the trial court already gave Miller an opportunity to request a hearing and that Miller "did not avail himself to that opportunity." Because the trial court gave notice to the wrong attorney (Miller's appellate counsel rather than his trial counsel), and because the trial court can make a determination on Miller's ability to pay "in just a few minutes upon remand when the trial court addresses the serious felony enhancement issue," Miller should have another opportunity to request, through his trial counsel, an ability-to-pay hearing.

---

[3] As the court in *Rocha* observed, the Supreme Court in *Rodriguez* "eliminated the unfairness by remanding the matter to the trial court for 'a hearing in the presence of defendant [and] his counsel,'" but the Supreme Court "did not consider whether the error should be reviewed under *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705] or *People v. Watson* (1956) 46 Cal.2d 818, 836." (*Rocha, supra,* 32 Cal.App.5th at p. 359.) Because the People concede the error was prejudicial, we do not reach the issue. (See *id.* at pp. 359-360 [concluding that, "[e]ven under the *Watson* standard, which applies to errors of state law, reversal is required"].)

6

**DISPOSITION**

The sentence is reversed.  The trial court is directed to again consider, this time at a hearing where Miller has the right to be present with counsel, whether to exercise its discretion to strike the prior serious felony conviction enhancement under section 667, subdivision (a)(1).  The trial court is also directed to give Miller another opportunity to request a hearing on his ability to pay the fines and assessments the trial court imposed.


SEGAL, Acting P. J.


We concur:


FEUER, J.


MCCORMICK, J. *

---

*       Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.