Filed 7/29/22

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE, | No. BR 055272 |
|     Plaintiff and Respondent, | Central Trial Court |
|           v. | No. 0CJ00309-03 |
| NICK HADIM, | |
|     Defendant and Appellant. | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Harris, Commissioner. Affirmed.

Michael N. Feuer, Los Angeles City Attorney; Meredith A. McKittrick, Supervising Deputy City Attorney; and Sarah Asghari, Deputy City Attorney, for Plaintiff and Respondent People of the State of California.

Philip Cohen, Esq., Philip Kent Cohen, APC; and Matthew Missakian, Esq., Law Office of C. Matthew Missakian, Inc., for Defendant and Appellant Nick Hadim.

\* \* \*

After the trial court dismissed the offenses in defendant Nick Hadim's two cases when he completed misdemeanor diversion, defendant filed petitions to seal his records pursuant to

1

Penal Code section 851.91.[1]  The court denied the petitions, and we consolidated his two appeals from the orders.  As discussed below, we affirm.  Section 851.91 is limited to granting a defendant relief by way of sealing the person's arrest record and court records related to an arrest, and the court correctly denied defendant's petitions because he was asked to appear in court pursuant to a prosecutor letter and was never arrested in connection with the underlying offenses.

BACKGROUND

In one case, defendant was charged on May 6, 2020 with a misdemeanor pertaining to his establishing, operating, and leasing an unlicensed commercial cannabis establishment, and a misdemeanor for illegal use of land stemming from the cannabis activity (L.A. Mun. Code, §§ 104.15, subd. (a)(1), 104.15, subd. (b)(4), 12.21, subd. A.1(a), respectively).  The offenses were alleged to have occurred on December 3, 2019.  In the other case, defendant was charged on May 13, 2020 with committing the same offenses on February 12, 2020.

On February 19, 2021, court-initiated misdemeanor diversion was granted for six months pursuant to section 1001.95 in both cases, with terms and conditions including that defendant was "not to rent or lease or otherwise allow commercial cannabis activity" on his property.  On August 18, 2021, the court determined defendant successfully completed diversion, and dismissed all the charges.

Defendant filed his section 851.91 petitions in each case on September 13, 2021, requesting "an [o]rder sealing all records stemming from the arrest" in the cases.  He indicated sealing was required because a conviction had not resulted in the cases, the charges had been dismissed, "and the charges (all misdemeanors) cannot be refiled."  In an attached declaration from his counsel, defendant listed the "[d]ate of citation" for one case as December 3, 2019, and for the other case as February 12, 2020; he indicated the "[l]ocation of arrest" was the City of Los Angeles; and specified the "[a]rresting agency" was the Los Angeles Police Department. The People filed oppositions to the petitions, arguing they should be denied because "[d]efendant was not arrested so there is no arrest record to destroy [or] seal."

_____

[1]All further statutory references are to the Penal Code unless otherwise specified.

On October 4, 2021, at a hearing on the petitions, defense counsel argued that, even though defendant was never taken into custody, he was entitled under section 851.91 to have all court records in the cases sealed. The prosecutor contended section 851.91 relief applies only when a person was arrested, and because that did not occur here, the petitions should be denied.

The court noted that, in instances when a person is not taken into custody, in order to inform a person that the person must go to court for arraignment on the charges, "[t]hey just send out letters to say, come on in, or people are cited out." The court indicated the prosecutor's argument was "[a] person who's arrested and charged would have the right to this relief. But a person who sent a letter [*sic*] doesn't have the right to this relief." On October 14, 2021, the court denied the petitions. The court found the prosecutor's argument was persuasive, and that the sealing "motion [was] technically improper under these circumstances."

## DISCUSSION

To resolve the proper interpretation of the pertinent statutes, we exercise de novo review. (*People v. Lofchie* (2014) 229 Cal.App.4th 240, 250.) "'"Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose." [Citation.]'" (*People v. Lucero* (2019) 41 Cal.App.5th 370, 394.) In determining legislative intent, "the court's first step in statutory construction is to 'look to the words themselves, giving them their ordinary meanings and construing them in context.' [Citation.]" (*People v. Salas* (2017) 9 Cal.App.5th 736, 742.)

Sealing Statutes

Section 851.91, subdivision (a), states, "A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed, as described in Section 851.92." Section 851.92, in turn, specifies the manner in which sealing is to be accomplished, including the requirement that copies of the sealing order must be provided "to the person whose arrest was sealed and to the prosecuting attorney" (§ 851.92, subd. (b)(1)(A)), and "to the law enforcement agency that made the arrest, to any other law enforcement agency that participated in the arrest, and to the law enforcement agency that administers the master local summary criminal history information that contains the arrest

3

record for the sealed arrest" (§ 851.92, subd. (b)(1)(B)). Under the statute, both "the arrest record" and "[c]ourt records related to the sealed arrest" must be kept confidential from entities outside the "criminal justice sector." (§ 851.92, subd. (b)(2)-(4) (capitalization omitted); see also § 851.92, subd. (d)(1) [defining "[a]rrest record" and "record pertaining to an arrest" to "mean information about the arrest or detention" kept in "[t]he master, or a copy of the master, local summary criminal history information"]; § 851.92, subd. (d)(2) [defining "court records" to mean "records, files, and materials created, compiled, or maintained by or for the court in relation to court proceedings, [including] . . . but . . . not limited to, indexes, registers of actions, court minutes, court orders, court filings, court exhibits, court progress and status reports, court history summaries, copies of state summary criminal history information and local summary criminal history information, and any other criminal history information contained in any of those materials"].)

To have a court enter a sealing order, a defendant must file a verified petition that includes, in addition to the defendant's name and birth date, "[t]he date of the arrest for which sealing is sought"; "[t]he city and county where the arrest took place"; and "[t]he law enforcement agency that made the arrest." (§ 851.91, subd. (b)(1)(E)(i)-(iv).) In addition, the petition must include, "Any other information identifying the arrest that is available from the law enforcement agency that conducted the arrest or from the court in which the accusatory pleading, if any, based on the arrest was filed, including, but not limited to, the case number for the police investigative report documenting the arrest, and the court number under which the arrest was reviewed by the prosecuting attorney or under which the prosecuting attorney filed an accusatory pleading." (§ 851.91, subd. (b)(1)(E)(v).) In moving for a sealing order, "[t]he petitioner has the initial burden of proof to show that he or she is entitled to have his or her arrest sealed as a matter of right," and "[i]f the court finds that petitioner has satisfied his or her burden of proof, then the burden of proof shall shift to the respondent prosecuting attorney." (§ 851.91, subd. (d)(2).)

The Statutes Are Inapplicable Where No Arrest Occurs

Section 851.91, subdivision (a), specifically states the only person who may petition a court for a sealing order is one "who has suffered *an arrest*" where no conviction occurred.

4

The statute proceeds to indicate "an arrest did not result in a conviction" when any of several dispositions resulted, listing, inter alia, when "[n]o conviction occurred, the charge has been dismissed, and the charge may not be refiled." (§ 851.91, subd. (a)(1)(B)(i); see also § 851.91, subd. (a)(1)(B)(ii) ["an arrest did not result in a conviction" when "[n]o conviction occurred and the arrestee has been acquitted of the charges"], (iii) [listing when "[a] conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled"].) The person's sealing petition must provide information necessary to assist law enforcement to locate the person's arrest records (§ 851.91, subd. (b)(1)(E)(i)-(v)), further underscoring that only individuals who were arrested are entitled to relief. (See *West Pico Furniture Co. v. Pacific Finance Loans* (1970) 2 Cal.3d 594, 608 [courts must look to "the entire substance of the statute . . . to determine the scope and purpose of the provision"].)

All the provisions specifying the manner in which sealing is to occur indicate the intent of the statute was to require that only *arrests and records pertaining to arrests* must be sealed. (See *People v. Valencia* (2017) 3 Cal.5th 347, 357-358 ["'[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible'"].) Section 851.92, subdivision (b)(1)(B), provides instructions to the law enforcement agency that made "the arrest," "any other law enforcement agency that participated in the arrest," and to an agency that administers the "criminal history information that contains the arrest record." The statute further gives instructions to courts as to how "[c]ourt records related to the sealed arrest" must be kept confidential. (§ 851.92, subd. (b)(4).)

"The essential elements of an arrest are: (1) taking a person into custody; (2) actual restraint of the person or his submission to custody. [Citations.]" (*People v. Hatcher* (1969) 2 Cal.App.3d 71, 75; see also § 834.) Defendant on appeal concedes he was not taken into custody in his cases, but argues the sealing statute was not meant to exclude persons who "appeared in court pursuant to a letter 'notice to appear' [from a prosecutor] rather than [by] a formal arrest," concluding "[defendant], being a responsible citizen with no desire to force the

police or prosecution to waste resources arresting him, showed up to court when the City Attorney sent him a letter and asked him to do so."[2]

Defendant argues the Legislature intended the courts to have the power to seal *all* records of a person who is charged with an offense which is later dismissed, including law enforcement investigative reports and court documents, even when the person is not arrested. As there is no ambiguity in the statutes' terms, there is no need to resort to extraneous indicia of the Legislature's intent. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 419 [" ' " ' "[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature" ' " ' "]; *People v. Cornett* (2012) 53 Cal.4th 1261, 1265 ["[t]he plain meaning controls if there is no ambiguity in the statutory language"].) "Although courts may disregard literal interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect. [Citation.]" (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543-1544.)

The Legislature did not specify that persons who were not arrested are entitled to relief, and inserting language into an unambiguous law " ' violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes' [Citation]." (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) Defendant was never arrested, and there are thus no arrest records or court records related to an arrest to be sealed. The clear statutory terms used by the Legislature indicate defendant's section 851.91 petitions were properly denied.

Even if we look to the legislative history of the statute, there is nothing showing an intent to provide relief for persons who were not arrested. The Legislature's concern was that persons who were arrested but never charged, or who were charged and later acquitted or had their cases dismissed, continued to be unfairly disadvantaged by reason of the arrests.

---

[2] A person who is cited by an officer, i.e., temporarily detained while a notice to appear is completed, can be considered to have been "arrested" for some purposes. (See *People v. Hubbard* (1970) 9 Cal.App.3d 827, 833.) But, as there is no indication defendant was given a citation, we do not address whether a cited person is eligible for a section 851.91 sealing order.

The Legislature, when it was considering the bill that enacted section 851.91, was informed that "[c]onsumer reporting agencies collect information and provide reports about individuals for clients" (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 393 (2017-2018 Reg. Sess.) (SB 393) as amended Apr. 17, 2017, p. 1), and "the Justice Department has confirmed that many individuals' criminal records include arrests that never lead to a conviction, but are nevertheless included in overbroad background checks that then exclude applicants from jobs or housing" (*Id.* at p. 2). The intent was to address the "serious consequences of arrest records and shortcomings of existing law in addressing those consequences." (Assem. Com. on Judiciary, Analysis of SB 393 as amended Jun. 28, 2017, p. 9.) The Legislature was aware that an arrest carries with it particularly negative connotations more negative than those that flow from even interactions with law enforcement which result in a temporary investigative detention. (See *Loder v. Municipal Court for the San Diego Judicial Dist.* (1976) 17 Cal.3d 859, 868-877 [outlining the negative effects on an individual of an arrest, and noting how the Legislature sought to minimize the collateral consequences of an arrest when no charges are filed by enacting § 849.5 to provide that in such a situation, "any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only"].)[3] In short, the Legislature perceived an arrest, the fact a person was taken into custody, carried a severe stigma with employers and landlords, and took steps to make it difficult if not impossible for private entities to uncover an arrest by sealing police agency and court records pertaining to the arrest.[4]

---

[3]See also section 851.6, subdivision (b), providing that, if "a person is arrested and released and an accusatory pleading is not filed charging him or her with an offense," the law enforcement agency that performed the arrest must issue a certificate "describing the action as a detention." Emphasizing the particularly damaging connotation associated with an arrest, the statute further requires that "[a]ny reference to the action as an arrest" must be "deleted from the arrest records of the arresting agency and of the [California] Department of Justice" and that "any record of the action shall refer to it as a detention." (§ 851.6, subd. (d).) We presume the Legislature is aware of existing law when it enacts a statute. (*Christians v. Chester* (1990) 218 Cal.App.3d 273, 276.)

[4]Defendant points to an analysis of SB 393 which informed the Legislature that under section 851.8 "a factually innocent person *arrested for or charged with* a crime may be able to have the records sealed by obtaining a declaration of factual innocence" (Assem. Com. on Judiciary, Analysis of SB 393 as amended Jun. 28, 2017, p. 8, italics added), maintaining this shows an intent to allow persons to move to seal whether arrested or merely charged with a crime. But, since the language that was

7

Defendant maintains that, if only persons who were arrested are eligible for relief under section 851.91, absurd results would follow.  He posits, "Suppose a defendant receives notice to appear in court for a misdemeanor; the defendant ignores the notice and does not appear; an arrest warrant issues; the defendant is subsequently arrested on the warrant; and the defendant's misdemeanor charges are subsequently dismissed.  Under the City Attorney's reading of section 851.91 (and that of the trial court) this defendant, who disregarded a request to appear in court, would be entitled to the benefits of section 851.91, but a defendant who *complied* with the request to appear would not.  This absurd result could not have been the Legislature's intent."  (Italics in original.)  However, if, as defendant contends, the statute produces an anomaly, e.g., the arrestee may have his complaint sealed while the person who voluntarily appears in court is not entitled to such benefit, "that anomaly is properly addressed to the Legislature, not this court."  (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811, 827.)  At this juncture, the Legislature has unequivocally limited relief to those who are arrested.

Equal Protection

Defendant argues that, if section 851.91 is not interpreted to require that relief be provided to persons who are given letters to appear in court and are never arrested, the statute would be unconstitutional because of its failure to provide equal protection under the law.  Defendant forfeited the argument by failing to raise it in the trial court.  (*People v. Rogers* (2006) 39 Cal.4th 826, 854.)  Yet, even if not forfeited, the argument fails on its merits.

We review de novo the constitutionality of a statute.  (*In re Brian J.* (2007) 150 Cal.App.4th 97, 124.)

Equal protection under the Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a), of the California Constitution is implicated when the government treats two similarly situated groups disparately.  (See *In re Eric J.* (1979) 25 Cal.3d

---

ultimately enacted did not state persons "arrested for or charged with a crime" were eligible for sealing, the cursory note in the analysis does not bear any weight in discerning the Legislature's intent, and the same is true with other isolated references in bill analyses which described the statute applying in a broader fashion than was codified.

522, 530.) "The initial inquiry is not whether persons are similarly situated for all purposes, but whether they are similarly situated for purposes of the challenged law. [Citation.]" (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1483.) Because the present purported statutory disparity does not implicate a suspect class or fundamental right, "'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."' [Citation.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881; see *Kasler v. Lockyer* (2000) 23 Cal.4th 472, 481-482 ["'"[i]n areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are 'plausible reasons' for [the classification] 'our inquiry is at an end'"'" ].)

Persons who appear in court in response to a prosecutor letter and those who suffer an arrest are not similarly situated for the simple fact that a person who is arrested is saddled with *an arrest record*. A person who is not arrested and who comes to court based on a prosecutor letter, and later has the case dismissed, leaves a paper trail that includes a law enforcement investigative report and court records regarding the charges. However, the arrested person who later has the case dismissed, in addition to these items, also leaves a record of the person having been arrested, including criminal history information containing their physical description, date of arrest, booking number and photograph (§§ 851.92, subd. (d)(1), 11105, subd. (a)(2), 13300, subd. (a)).

In a similar vein, the Legislature could have rationally concluded the persons who need relief most are ones with the stigma of an arrest and records relating to it, and thus provided that only persons who were arrested and had their cases dismissed, as opposed to everyone who had charges filed against them, were entitled to sealing. (See *Fort Bragg Unified School Dist. v. Colonial American Casualty & Surety Co.* (2011) 194 Cal.App.4th 891, 909-910 ["'Crafting statutes to conform with policy considerations is a job for the Legislature, not the courts; our role is to interpret statutes, not to write them'"].) The Legislature could have also reasonably determined that sealing only the records of persons who were arrested, those who are most

9

likely to be disadvantaged by the unearthing of their records, struck a balance between an individual's privacy interests and the public's First Amendment right to access public records. (See *People v. Jackson* (2005) 128 Cal.App.4th 1009, 1021 [noting "the First Amendment recognizes '"a general right to inspect and copy public records and documents, including judicial documents and records"'"].)

Conclusion

Defendant would have us rewrite section 851.91, based on his assertion that "the Legislature intended that everyone actually charged with a crime — whether or not such charges were preceded by a formal arrest — be eligible to have their records sealed."  Neither the statutory language used by the Legislature nor legislative history reveals such an intent, and it does not violate the constitutional guarantee to equal protection of law to deny defendant relief.  Defendant's arguments are best directed to the Legislature in amending the law to include within the sealing statutes persons who were not arrested.  (See *In re Jesse S.* (2017) 12 Cal.App.5th 611, 614 ["The problem requires a legislative fix if there is to be one"].)[5]

---

[5]We express no opinion to what extent, if any, a criminal defendant in a case where charges are dismissed following completion of misdemeanor diversion may move to seal records under the California Rules of Court.  (See Cal. Rules of Court, rule 2.550(c) [providing that "[u]nless confidentiality is required by law, court records are presumed to be open"], (d) [allowing a court to seal records when it expressly finds facts establishing "(1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest"].)

## DISPOSITION

The orders denying defendant's section 851.91 petitions are affirmed.

                                   _____

                                   Ricciardulli, J

We concur:

_____             _____

Kumar, Acting P. J.                     Richardson, J.