[Civ. No. 8314.   Third Dist.   Nov. 4, 1953.]

MRS. WILLIE B. WILLIAMS, Respondent, v. PATRICK H. McHUGH, as Executor, etc., Appellant.

James I. Harkins for Appellant.

Ralph Kingston for Respondent.

VAN DYKE, P. J.—Respondent brought action against the appellant as executor of the will of Mary Kipling Farrington on a rejected claim for the reasonable value of personal services alleged to have been performed by her for the testatrix pursuant to an oral agreement that in compensation therefor the testatrix would devise to her by will property consisting of a small residence. The complaint alleged the foregoing and that the services had been rendered as agreed, but decedent had failed to carry out her part of the contract.

The case was tried to the court sitting without a jury and judgment was rendered in favor of plaintiff in the sum of $5,850, payable from decedent's estate in due course of administration. The appeal is from this judgment and for reversal appellant claims insufficiency of the evidence and error in disallowing his defense of the statute of limitations as to any services rendered more than two years immediately preceding the death of the testatrix.

Decedent owned three houses in Stockton, California, one of which was next door to her home in which she lived alone. Respondent moved into this house and occupied it for about five years before the death of the testatrix, paying cash rental therefor at all times. Respondent and her husband were not permitted to testify as to facts and circumstances occurring prior to the death of decedent and respondent was thus compelled to rely upon testimony of persons not parties to the action. There was testimony of neighbors and friends that from 1946 until her death decedent suffered intermittent illnesses, was, generally speaking, in poor health, was occasionally bedridden, and that during the

period from that date until her death they saw respondent performing errands and household tasks for decedent, including preparation of food and the performance of services, usually done by domestic help. Their observations were made on visits in varying degrees of frequency and while they observed the respondent performing services they were, of course, unable to testify that her services were continuous. As to the agreement to compensate respondent in the manner alleged, there was ample evidence. Witnesses testified to repeated declarations by decedent made to them that she was going to leave the respondent the house in which she was living in order to compensate her for the services she was rendering and that the decedent was not paying her as the services were rendered. One witness stated that decedent said over and over again that she was not paying the respondent as the services were rendered, but would leave her the house for that purpose.

We think the foregoing sufficient to support the trial court's findings that the allegations of the complaint were true. It was admitted, of course, that the decedent had made no provision whatever in her will for respondent. Respondent was under no legal or moral duty to render any services whatsoever to her landlady since she paid cash rental for the house she occupied and it is a fair inference from the facts testified to that the services were of such nature as are not generally rendered upon any basis other than that of expected compensation. It is true that no witness was able to testify that respondent's services were continuously performed each and every day, but their visits were frequent and all of them saw respondent working about the home of decedent, doing the things usually done by domestic help in response to an evident need of decedent for such service. The requisite continuity of service to meet the allegations of the complaint could fairly be inferred from the testimony received.

The general rule governing actions of this sort is well stated in *Wainwright Trust Co.* v. *Kinder*, 69 Ind.App. 88 [120 N.E. 419]:

". . . The intention to pay and the expectation of compensation may be inferred from conduct where equity and justice require compensation, . . . the elements of intention to pay on the one hand, and expectation of compensation on the other must be found to exist; but such elements . . . may be inferred from the relation and situation of the parties, the nature and character of the services rendered, and any other

facts or circumstances which may reasonably be said to throw any light upon the question at issue."

See, also, *Moore* v. *Spremo*, 72 Cal.App.2d 324, 330-331 [164 P.2d 540], and *Toney* v. *Security First Nat. Bank*, 108 Cal.App.2d 161, 167 [238 P.2d 645], from which we quote the following:

"In an action of this character to recover for services rendered, the vital elements of the cause of action are: the services performed, an oral promise to compensate by will, the failure to perform the promise, the reasonable value of the services, and failure to pay. (*Leoni* v. *Delany*, 83 Cal.App.2d 303, 309 [188 P.2d 765, 189 P.2d 517].)"

All of these elements were proved or admitted, the proof being sufficient to justify the inferences drawn by the trial court in favor of the respondent.

No one testified as to the reasonable value of the services shown to have been rendered by respondent. The time of rendition of services ran through 234 weeks and the trial court found that the reasonable value of the services was $25 per week, making a total of $5,850. ■ Since the kind of services rendered was sufficiently shown and the services were of a class as to the value of which much common knowledge is possessed, the case is one which falls within the general rule that, under such circumstances, the trier of fact may fix the reasonable value without the aid of expert opinion. (*Nylund* v. *Madsen*, 94 Cal.App. 441 [271 P. 374].)

■ Appellant's contentions that the statute of limitations would serve to bar all or a large part of respondent's claim is sufficiently answered by the cases of *Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146]; *Winder* v. *Winder*, 18 Cal.2d 123, 127 [114 P.2d 347, 144 A.L.R. 935], and *Leoni* v. *Delany*, 83 Cal.App.2d 303, 307 [188 P.2d 765, 189 P.2d 517]. Said the court in *Winder* v. *Winder*, *supra*, at page 127:

"It is the settled law of this state that when continuous personal services are performed under an express agreement for compensation upon termination thereof, which agreement is unenforceable because not in writing (Code Civ. Proc., sec. 1624; Civ. Code, sec. 1973), the reasonable value of the services may be recovered and that the statute of limitations does not commence to run until the termination of the services, which, in such cases, is usually upon the death of the promisor."

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.