[Civ. No. 24558. Second Dist., Div. Two. July 29, 1960.]

ADOLPH DRVOL, Respondent, v. ADELIA A. BANT, as Administratrix, etc., Appellant.

355 actually 353

C. E. Crowley for Appellant.

Chase, Rotchford, Downen & Drukker for Respondent.

FOX, P. J.—This action was brought by plaintiff against the defendant as administratrix of the estate of Josephine

Forst, deceased, to recover on a claim filed against the estate but rejected by the administratrix. The claim was for the value of services rendered by plaintiff for the decedent, who was plaintiff's aunt, in reliance upon her promise to devise her home to him. The decedent executed two writings (testamentary in character) in both of which she attempted to devise the property to him. One of these wills was executed in duplicate but was denied probate because "the original of said Will, left in the possession of the decedent at the time of its execution, was not found at the time of her death, giving rise to a presumption that it was destroyed with an intent to revoke the same." The other writing was in the form of an holographic will, but was denied probate because it was not dated. No testamentary writing by the decedent was found other than these two attempts on her part to devise her home to plaintiff. Decedent died January 23, 1957.

Plaintiff filed his creditor's claim* on December 23, 1957. The administratrix rejected the claim in its entirety.

The trial court found, *inter alia,* that at the time of decedent's death, and for some time prior thereto, she had been the owner of certain real property known as 2706 Rosanna Avenue, in the city of Los Angeles; that during the period commencing February 12, 1948, and ending at or about the date of decedent's death, plaintiff performed services for her "at her request, in or about the said real property"; that the reasonable value of said services at the time and place of their rendition exceeded $4,792; that said services "were performed by plaintiff in consideration for and in reliance upon the promise of decedent to make a will wherein and whereby said real property would be devised to plaintiff"; that the value of

---

*The pertinent portions of the creditor's claim are as follows:

"The undersigned, between the period of Feb. 12, 1948, and up to the date of death of decedent, undertook and agreed to perform services in connection with the repair, remodeling, renovation and upkeep of premises owned by the decedent located at 2706 Rosanna, Los Angeles, California; that said services were rendered over a period of time from the 12 day of February, 1948, up to shortly prior to the death of decedent. That decedent in consideration of said services agreed to and in fact did make a will wherein said real property was to be and was devised to claimant. However, decedent prior to her death destroyed said will and hence said property was not devised to claimant. The fact of the destruction of said will and the fact that the decedent died intestate has been established by proceedings in the estate herein.

"That claimant devoted 1198 hours in the performance of the aforesaid services and the reasonable value thereof is the sum of $4792.00

"That the last services performed by the undersigned under said agreement was approximately November 15, 1956."

said real property on the date of decedent's death exceeded the sum of $4,792. The court further found that in March, 1951, decedent duly executed her will, in which she purported to devise said real property to the plaintiff; that the executed carbon copy of said will was offered for but was denied probate because the original was not found, thus giving rise to the presumption that it had been destroyed with intent to revoke it; that a purported holographic will, wholly written in the handwriting of decedent but undated, was found with decedent's personal papers shortly after her death; that this instrument also purported to devise said property to plaintiff; that said purported holographic will was invalid because it was not dated. Also, the court found that the said decedent did agree to pay to plaintiff, the reasonable value of the services rendered by him, as aforesaid, and was, at the time of her death, indebted to him in the said sum of $4,792, no part of which had been paid.

It is from the ensuing judgment in favor of plaintiff and the order denying defendant's motion for a new trial that the administratrix appeals.

Defendant's multifarious challenges to the findings and judgment may be summarized as follows: (1) that plaintiff's claim against the decedent's estate was not presented in due time and in legal form; (2) that plaintiff's amended complaint was not filed within the time allowed by law; (3) that plaintiff's complaint did not state facts sufficient to constitute a cause of action; and (4) that the findings in plaintiff's favor are not supported by the evidence. We have concluded that there is no merit in any of defendant's contentions.

 Probate Code, sections 700, 701 and 707, relating to the publication of notice to creditors and the filing of claims against a decedent's estate provide, in effect, that a claimant may file his claim at any time prior to the expiration of six months from the date of first publication of notice to creditors. The record discloses that the date of the first publication of notice to creditors was July 2, 1957. It also discloses that plaintiff presented his claim to the administratrix on December 23, 1957. It is therefore apparent that plaintiff's claim was filed in due time.

 It is clear that plaintiff's claim was sufficient in legal form and content. (See footnote, p. 354.) It set forth the agreement by which plaintiff undertook to perform various services for decedent; that in consideration thereof she agreed to will her premises at 2706 Rosanna Avenue, Los Angeles,

to plaintiff, but did not do so; that plaintiff devoted 1,198 hours in performance of his services, and that the reasonable value thereof is the sum of $4,792. The claim contained the required affidavit that this amount was justly due, and that no payments had been made thereon which were not credited and, to claimant's knowledge, there were no offsets. The following cases establish the sufficiency of the claim: *Syler* v. *Katzer*, 12 Cal.2d 348, 350 [84 P.2d 137, 119 A.L.R. 422]; *Tabata* v. *Murane*, 24 Cal.2d 221, 231 [148 P.2d 605]; *Lundberg* v. *Katz*, 44 Cal.App.2d 38, 44 [111 P.2d 917].

In arguing that plaintiff's amended complaint fails to state a cause of action, defendant misconceives the theory of his pleading. Plaintiff is not seeking to enforce an oral contract to bequeath or devise property, as defendant's argument seems to imply. Rather he is seeking to recover in *quantum meruit* for the value of the services he has performed.

The correct principle is stated in *Toney* v. *Security-First National Bank*, 108 Cal.App.2d 161, at page 166 [238 P.2d 645], where the court held that "where an oral agreement to leave property by will is in compensation for services rendered, or to be rendered, and hence unenforcible under the statute of frauds, the remedy is in *quantum meruit* for the value of the services rendered. (Citation.)" When an oral agreement to compensate for services by will is not fulfilled, "the law implies a promise to pay their reasonable value. The recovery is not on the oral agreement but on the agreement which the law implies upon the failure to perform the oral agreement." Continuing, the court states, on page 167, that "in an action of this character to recover for services rendered, the vital elements of the cause of action are: the services performed, an oral promise to compensate by will, the failure to perform the promise, the reasonable value of the services, and failure to pay. (Citations.)" This statement is quoted with approval in *Williams* v. *McHugh*, 121 Cal.App.2d 116, 119 [262 P.2d 608]. In *Syler* v. *Katzer*, 12 Cal.2d 348 [84 P.2d 137, 119 A.L.R. 422], the parties were in a similar position to the plaintiff here. They recovered the value of their services, which were rendered decedent during his lifetime, in reliance upon his promise to leave them his estate and property or money equivalent to the value of their services but which he failed to do. In *Lundberg* v. *Katz*, 44 Cal.App.2d 38 [111 P.2d 917], a similar claimant against a decedent's estate recovered on her creditor's claim for the reasonable value of her services rendered decedent on his

promise to pay therefor, which promise he failed to keep. The court stated, at page 42, that "in the absence of a written contract, an action for the reasonable value of the services was proper."

The foregoing authorities clearly establish that plaintiff's amended complaint stated a cause of action based upon his rejected claim. It is therefore apparent that there is no merit whatever in defendant's contention that plaintiff's right of action was barred because there was no note or memorandum of the agreement between plaintiff and decedent.

In this contention, defendant also asserts that in any event plaintiff could not recover for services rendered more than two years prior to the death of decedent; that any such recovery was barred by the two-year statute of limitations. This contention is fully answered by the court in *Toney* v. *Security-First National Bank, supra.* The court stated (p. 166) : "The agreement implied by law does not arise until the day of death of decedent. The cause of action accrues at that time and the statute of limitations does not begin to run until that time. (Citation.)" In *Winder* v. *Winder,* 18 Cal.2d 123, 127 [114 P.2d 347, 144 A.L.R. 935], the court pointed out that under such circumstances, "the reasonable value of the services may be recovered and that the statute of limitations does not commence to run until the termination of the services, which, in such cases, is usually upon the death of the promisor. (Citations.)" (See to the same effect *Williams* v. *McHugh, supra.*)

In arguing that plaintiff's complaint was not filed within the three months after the date of service of notice that the claim was rejected (Prob. Code, § 714), defendant overlooks the provisions of section 1013 of the Code of Civil Procedure, and the fact that the three months' period expired on a Sunday. Defendant mailed the notice of rejection on January 6, 1958. The three months' period provided by section 714 of the Probate Code therefore expired on April 6th (Sunday). Section 1013, Code of Civil Procedure, provides that "if, within a given number of days after service by mail, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day . . ." Thus, under this section, plaintiff had one additional day in which to file his complaint. He filed it on April 7th. It was therefore filed within the time provided by law.

The same result is reached by another approach. Code of Civil Procedure, section 12, states that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded. Code of Civil Procedure, section 12a, states that if the last day for the performance of an act provided for or required by law falls on a holiday, the period is extended to the next day which is not a holiday. The term "holiday" as used in the section means all holidays specified in sections 6700 and 6701 of the Government Code. Section 6700 of the Government Code provides that every Sunday is a holiday. Since April 6, 1958, was a holiday, it was therefore to be excluded from the calculation of time and the period extended to the next day, which was not a holiday, on which day the complaint was filed.

In arguing that the findings and judgment are not sufficiently supported by the evidence, the defendant overlooks two important principles: (1) that an appellate court must accept as established all facts and all reasonable inferences favorable to respondent which find substantial support in the evidence; and (2) "where appellant urges the insufficiency of the evidence to sustain the findings . . . the rule is that 'Such contention *requires defendants to demonstrate* that there is no substantial evidence to support the challenged findings.' (Citation.)" (*New* v. *New*, 148 Cal.App.2d 372, 383 [306 P.2d 987].) That defendant has wholly failed in meeting the second of these rules is manifest from an examination of her brief. That her technique in this respect was by design is made clear by her statement in her brief that "in presenting this matter to the court I have purposely omitted discussing the testimony of respondent's witnesses."

Plaintiff erroneously relies on Code of Civil Procedure, section 1880, subdivision 3, which provides that a party to an action or proceeding against an administrator upon a claim or demand against the estate of a deceased person cannot testify as to any fact which occurred prior to the decedent's death. The settled rule applicable in this case is that the prohibitions of section 1880, subdivision 3, may be waived by the personal representative of the estate. (*Kinley* v. *Largent*, 187 Cal. 71 [200 P. 937]; *McClenahan* v. *Keyes*, 188 Cal. 574 [206 P. 454]; *Moul* v. *McVey*, 49 Cal.App.2d 101 [121 P.2d 83].) If the claimant is called as a witness by the personal representative the statute is waived (*Kinley* v. *Largent, supra.*) The same result follows if the personal repre-

sentative takes the claimant's deposition, whether introduced into evidence or not. (*McClenahan* v. *Keyes, supra.*) Introduction of the claimant's testimony given in a prior judicial proceeding also constitutes a waiver. (*Moul* v. *McVey, supra.*)

In this case, the defendant took plaintiff's testimony by way of interrogatories, which were admitted into evidence by stipulation. This constituted a clear waiver under the cited authorities. The testimony of plaintiff as to work and labor performed by him was therefore admissible and properly taken into account by the court in arriving at its findings.

We have examined the record further and find that there is ample testimony by neighbors and acquaintances to establish that plaintiff continually performed work and labor for the decedent, including the remodeling of her house, putting a new roof on the garage, painting the house, and various other services consisting of maintenance and repair of decedent's home; and that decedent was going to leave her house to plaintiff. On the latter point, Witness Gartside testified that decedent remarked to him that "she would be leaving the property to him [plaintiff] anyway in the long run." Witness Thordarson testified that "the place was his [plaintiff's] when she died." Witness Martin stated that decedent remarked to her that "some day the house will be his [plaintiff's]." Decedent made two abortive attempts to devise the property to plaintiff. It is clear that decedent contemplated compensating plaintiff for his services. Furthermore, from this testimony, the court could reasonably, and in fact did, draw the inference that the aforesaid services were performed by plaintiff in consideration for and in reliance upon the promise of decedent to make a will wherein and whereby said real property would be devised to him.

Defendant argues that plaintiff has been fully compensated for the work and labor performed by him on the decedent's premises on the theory that he resided thereon for a period of approximately 10 years without paying any rent. In support of her position, defendant points out that no rent receipts were produced by plaintiff. However, plaintiff testified he did in fact pay rent for the use of the premises. This testimony was corroborated by witnesses Gartside, Thordarson, Warner and Johanson, each of whom testified that in conversations with decedent she had remarked that plaintiff was paying rent. The trial court found that plaintiff had not been compensated

for his services. Implicit in this finding is the further finding that plaintiff did not perform his services in exchange for rent. This was obviously a question of fact. Since there was ample evidence to support this determination by the trial court it will not be disturbed on appeal.

Finally, defendant argues that the evidence is insufficient to support the finding that the work and labor performed by plaintiff for the decedent was reasonably worth $4,792, the amount the court awarded plaintiff. In making this argument defendant overlooks the stipulation that Sam Friedman would testify that he was a general contractor and engaged on a full time basis in that business; that he was familiar with the facts relating to the work done by plaintiff on the Rosanna Street premises as those facts have been presented by the evidence in this case, and that, in his opinion, the work so described would have a fair value, considering the nature of the work, the time spent on it, and the results achieved, in excess of $5,000. This was sufficient support for the court's finding as to the reasonable value of the work and the labor performed.

Since there is no appeal from an order denying a motion for a new trial, the purported appeal therefrom is dismissed. The judgment is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied August 22, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.

---

*Assigned by Chairman of Judicial Council.