Filed 9/27/13 (unmodifed opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD C. BRIDGEMAN, | D062183 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00150168-PR-TR-NC) |
| DONNA J. ALLEN, | ORDER MODIFYING OPINION |
| Defendant and Respondent, | [NO CHANGE IN JUDGMENT] |
| BEVERLY J. BRITO, as Trustee, etc., | |
| Objector and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on August 30, 2013, be modified as follows:

On page 4, delete the first, second and third full paragraphs and substitute the following:

As a threshold matter, Brito asserts Edward lacks standing to appeal the dismissal of his petition because he is not a beneficiary under the third and fourth amendments to

the Trust.  Brito reasons that because Edward cannot inherit from the Trust, he is not legally aggrieved and thus lacks standing to pursue this appeal.  We reject this contention.

"Standing to appeal is jurisdictional [citation] and the issue of whether a party has standing is a question of law [citation]."  (*People v. Hernandez* (2009) 172 Cal.App.4th 715, 719–720.)  To have standing to appeal, a person generally must be a party of record and sufficiently aggrieved by the judgment or order.  (Code Civ. Proc., § 902; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736–737.)

Here, although Edward is a party to the appeal, Brito argues that he is not legally aggrieved because he cannot inherit from the Trust.  The first, second, and third amendments to the Trust are not part of the record on appeal.  Thus, Brito has not established that Edward was not a named beneficiary to the third amendment and that he would not benefit if his challenge to the fourth amendment succeeded.  Accordingly, on this record, Brito has not established that Edward lacks standing to appeal the order dismissing his petition.  (*Conservatorship of Stewart* (1969) 276 Cal.App.2d 211, 215 [party is aggrieved by order dismissing his action even though his grievance turns out to be legally without merit].)  We need not, and do not, address the issue of Edward's standing to bring the underlying action.

There is no change in the judgment.

McINTYRE, Acting P. J.

Copies to:  All parties

2

Filed 8/30/13 (unmodified version)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD C. BRIDGEMAN,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>DONNA J. ALLEN,<br><br>　　　Defendant and Respondent,<br><br>BEVERLY J. BRITO, as Trustee, etc.,<br><br>　　　Objector and Respondent. | D062183<br><br><br><br>(Super. Ct. No. 37-2009-00150168-PR-TR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard G. Cline, Judge.  Affirmed.

The McMillan Law Firm, Scott A. McMillan and Evan A. Kalooky for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Hagar & Cotton and Cary L. Cotten for Objector and Respondent.

A trustee must provide notice when all or part of a revocable trust becomes irrevocable because of the death of a settlor (Prob. Code, § 16061.7, subd. (a)) and any action contesting the trust cannot be filed "more than 120 days from the date the notification by the trustee is served upon him or her." (Prob. Code, § 16061.8, undesignated statutory references are to this code.)

In this case, we address whether Code of Civil Procedure section 1013 applies to section 16061.8, thereby extending the time to file an action contesting a trust past the 120-day period. We conclude that Code of Civil Procedure section 1013 does not apply. We also conclude that the petition does not relate back to an earlier filed petition that had been dismissed without prejudice. Accordingly, the probate court properly sustained a demurrer to a petition contesting a trust without leave to amend as untimely filed.

FACTUAL AND PROCEDURAL BACKGROUND

Henry and Kathleen Bridgeman created the Bridgeman Trust (the Trust), naming themselves as co-trustees. The Trust named their son, Edward, as a beneficiary. After Kathleen died, Henry became the sole trustor and trustee. Henry amended the Trust four times, twice in 1995 and once in 2002 (the third amendment) and March 2005 (the fourth amendment).

In 2004, Henry was diagnosed with dementia and possible Alzheimer's disease. In February or March of 2005, Donna Allen began taking care of Henry. In March 2005, Henry signed an amendment to the Trust, naming Allen as the sole beneficiary and successor trustee. Henry also appointed Allen as his attorney in fact on a durable power of attorney and advanced health care directive.

2

In 2009, Edward filed his first petition against Allen to determine the validity of the fourth amendment to the Trust. He generally alleged that the fourth amendment should be invalidated as Henry was mentally incompetent and Allen procured the amendment through undue influence. In 2010, the probate court sustained Allen's demurrer to the petition without leave to amend, finding he did not have standing to petition the court regarding the internal affairs of the Trust while the Trust remained revocable. The court noted that its ruling did not prevent Edward from filing a future petition when the Trust became irrevocable. The probate court entered a judgment of dismissal, noting that the dismissal was "without prejudice."

Allen was later removed as trustee and respondent Beverly Brito was appointed as the successor trustee of the Trust in Henry's conservatorship proceeding. In July 2011, Henry passed away. (All year references are to 2011, unless otherwise specified.)

On November 17, Edward's counsel personally submitted a renewed petition for filing with the probate court. The probate clerk refused to file the petition because it had exhibits attached directly to it, rather than through a separate notice of lodgment. On November 21, counsel resubmitted the petition with a notice of lodgment, and both submissions were file stamped that day.

Thereafter, Edward sought nunc pro tunc relief to change the filing date of the motion to avoid a problem with the statute of limitations. Brito then demurred to the petition as untimely under section 16061.8. The probate court denied Edward's motion for nunc pro tunc relief and sustained the demurrer without leave to amend, finding the petition was untimely. Edward timely appealed from the order. In the interest of judicial

3

economy, we deem the order to incorporate a judgment of dismissal. (*Smith v. Hopland Band of Pomo Indians* (2002) 95 Cal.App.4th 1, 2, fn. 1.)

DISCUSSION

I. *Standing to Appeal and Standing to Demur*

As a threshold matter, Brito asserts Edward lacks standing to appeal because he is not a beneficiary under the third and fourth amendments to the Trust. Brito reasons that because Edward cannot inherit from the Trust, he is not legally aggrieved and thus lacks standing to pursue this appeal. We reject this contention.

Every action must be prosecuted in the name of the real party in interest. (Code Civ. Proc., § 367.) Standing may be challenged at any time, even, in the first instance, on appeal. (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1345.) "Standing to appeal is jurisdictional [citation] and the issue of whether a party has standing is a question of law [citation]." (*People v. Hernandez* (2009) 172 Cal.App.4th 715, 719–720.)

The third and fourth amendments to the Trust are not part of the record on appeal; however, we will assume for the purposes of analysis that Edward is not a named beneficiary. In matters governed by the Probate Code, "interested person[s]" are entitled to appear or object in writing at or before a hearing. (§ 1043, subd. (a).) The Probate Code defines an "interested person" as an "heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding." (§ 48, subd. (a)(1).) As the child of the decedent, Edward has standing to appeal.

4

Edward challenges Brito's standing to demur, arguing that he only sought relief against the prior trustee, Allen, and none of the claims or relief requested in the prayer are against Brito, the successor trustee. We disagree.

As the successor trustee, Brito had a duty to administer the trust in accordance with the trust instrument. (§ 16000.) Included in this duty is the requirement that the trustee has a duty to defend against any action that would diminish the funds to be distributed to the decedent's intended beneficiaries. (*Estate of Goulet* (1995) 10 Cal.4th 1074, 1081–1082.) Accordingly, as the successor trustee, Brito is an aggrieved party with standing to defend the Trust by filing a demurrer.

## II. *Timeliness of the Petition*

### A. The Petition Was Untimely Filed

A trustee must serve a notification to the beneficiaries and heirs when a revocable trust becomes irrevocable after the settlor of the trust dies. (§ 16061.7, subd. (a)(1).) The notification must be served by mail to the last known address, pursuant to section 1215, or by personal delivery. (§ 16061.7, subd. (e).) The following warning, set out in a separate paragraph in not less than 10-point boldface type, must be contained in the notice: "'You may not bring an action to contest the trust more than 120 days from the date this notification by the trustee is served upon you . . . .'" (§ 16061.7, subd. (h).)

Section 16061.8 sets forth the applicable statute of limitations for petitions that contest a trust. This statute provides the following: "No person upon whom the notification by the trustee is served pursuant to this chapter . . . may bring an action to

5

contest the trust more than 120 days from the date the notification by the trustee is served upon [you] . . . ."

In a sworn declaration filed in conjunction with the motion for nunc pro tunc relief, Edward's counsel admitted that Brito served the section 16061.7 notification by mail on July 11 and provided a copy of the notification to the court.[1]  Edward impliedly concedes that he had 120 days to file his petition, or until November 8.  Edward presented his petition for filing on November 17; however, the probate clerk rejected it and the petition was actually filed on November 21, 133 days after service of the notification.  Edward contends that Civil Procedure section 1013 applies to extend the time to file his petition.

As relevant here, Code of Civil Procedure section 1013, subdivision (a), provides that service by mail "is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date

---

[1] Edward asserts the probate court improperly sustained the demurrer because the date Brito served the section 16061.7 notification is not alleged in his petition and the document constitutes extrinsic evidence.  This argument ignores that in ruling on a demurrer, a court may look at declarations filed on behalf of a plaintiff to the extent they are inconsistent with the allegations of the pleading before the court.  (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604–605.)  Additionally, judicial notice of matters upon demurrer will be dispositive in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed. (*Cruz v. County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134.)  Here, Brito sought judicial notice of the court file containing the section 16061.7 notification and the declaration of Edward's counsel shows there is no factual issue concerning the notification.  Judicial notice of the section 16061.7 notification is proper as Edward made no showing that the notification was not authentic (nor could he in light of his counsel's declaration) or otherwise argued it was reasonably subject to dispute.  The only issue presented is the legal effect of the section 16061.7 notification on the timeliness of Edward's petition.

certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended . . . 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, . . . but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. *This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*" (Italics added.)

Because Edward lives outside of California, he argues that Code of Civil Procedure section 1013 applies to extend his time to file the petition by 10 days or until November 18, the day after he initially presented the petition for filing. Edward contends the probate court erred in not granting his motion for nunc pro tunc relief to set the filing date on November 17.

As we shall explain, we need not address whether the probate court erred in denying Edward's motion for nunc pro tunc relief because Code of Civil Procedure section 1013 does not apply to extend his time to file the petition for an additional 10 days beyond November 8. Thus, even if the probate court had granted his motion, the petition would still be untimely.

Here, section 16061.8 must be read with the procedural statutes within the Probate Code pertaining to notice (§ 1200 et seq.). Section 16061.8 provides that any action to contest a trust cannot be brought "more than 120 days from the date the notification by the trustee is served upon [you] . . . ." Section 16061.8, however, does not specify the manner of service. Where, as here, notice is required to be served and no manner of

7

service is specified, section 1217 provides that service can be by mail or personal delivery. Section 1215 authorizes notice by mail and specifies when mailing is complete for purposes of calculating applicable deadlines. Specifically, subdivision (e) of section 1215 provides that "[w]hen the notice or other paper is deposited in the mail, mailing is complete and the period of notice is not extended." Read together, the plain language of these statutes provide that an action to contest the trust must be filed within 120 days from the date the notification by the trustee is served (§ 16061.8), service may be by mail (§ 1215, subd. (a)), and mailing is complete and may not be extended when the notice is "deposited in the mail." (§ 1215, subd. (e).) At oral argument, Edward asserted that section 1215 did not apply based on the Law Revision Commission Comment for section 1215, stating that "[t]his section does not apply where service is made out-of-state in the manner provided by Section 415.40 of the Code of Civil Procedure." (Cal. Law Revision Com. com., 52A West's Ann. Prob. Code (2002 ed.) foll. § 1215, p. 24.) This reliance is misplaced as Code of Civil Procedure section 415.40 pertains to service of summons.

In contrast, Code of Civil Procedure section 1013 is a general statute that applies only in the absence of an exception expressly created by statute or rules. (*Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563, 567.) Here, a statutory exception exists. Namely, subdivision (e) of section 1215 provides that mailing is complete and may not be extended when the notice is "deposited in the mail." Significantly, procedural matters in probate cases are governed by the Code of Civil Procedure *unless* the Probate Code provides its own applicable rules. (§ 1000.) The Probate Code provides that service is complete when the notice is "deposited in the mail."

8

(§ 1215, subd. (e).)  Because the Probate Code has provided its own rule, Code of Civil Procedure section 1013 does not apply.

The situation here is analogous to one addressed by the court in *Cole v. Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1 (*Cole*).  The issue in *Cole* was whether Code of Civil Procedure section 1013 applied to Government Code section 945.6, thereby extending the time for filing of a complaint five days past the six-month limit after the deposit in the mail of the notice of rejection.  (*Cole*, at p. 3.)  Government Code section 945.6 states, "[A]ny suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced . . . not later than six months after the date such notice is personally delivered or deposited in the mail."  (Gov. Code, § 945.6, subd. (a).)  The *Cole* court concluded that Code of Civil Procedure section 1013 did not apply to extend the time period for filing suit because it was inconsistent with the plain meaning of Government Code section 945.6 that the six-month limitation period begins to run on the date the notice of rejection is deposited in the mail.  (*Cole*, at p. 4.)

Finally, Edward's reliance on *Drvol v. Bant* (1960) 183 Cal.App.2d 351 (*Drvol*) is misplaced.  In *Drvol*, a probate matter, the court held that Code of Civil Procedure sections 12, 12a and a prior version of 1013 applied to extend a deadline that fell on a Sunday to the following Monday.  (*Drvol*, at pp. 357–358.)  When *Drvol* was decided, section 1215 had not yet been enacted and a prior version of Code of Civil Procedure section 1013 provided an additional day to do an act after service.  (*Drvol*, at p. 357; West's Ann. Prob. Code, § 1215 [enacted 1990].)  Additionally, the Probate Code does

9

not have its own procedural rule governing the situation where a deadline falls on a holiday.

B.  The Relation Back Doctrine Does Not Apply

The relation back doctrine allows an amendment filed after the statute of limitations has run to be deemed filed as of the date of the original complaint " 'provided recovery is sought in both pleadings on the same general set of facts.' " (*Kim v. Regents of University of California* (2000) 80 Cal.App.4th 160, 168.)  "In order for the relation-back doctrine to apply, 'the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one.' " (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1278.)

Edward points out that he filed his first petition in 2009 and that he filed the instant petition under the same case number, seeking the same relief against the same party, respondent Allen.  He asserts that even if the probate clerk properly rejected the instant petition, it should nonetheless be deemed timely under the relation back doctrine.  Brito disagrees, noting that Edward cited no authority for a new petition relating back to the filing of a dismissed petition.  As we shall explain, there was nothing for the instant petition to "relate back" to as the first petition was no longer pending.

After sustaining a demurrer, the probate court entered a judgment of dismissal on the first petition, stating the dismissal was without prejudice.  Whether the first petition was still pending turns on whether the dismissal without prejudice of the first petition constituted a final appealable judgment.  First, if the judgment of dismissal had not recited it was without prejudice, it would have been immediately appealable.  (*Kong v.*

10

*City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1 [propriety of ruling sustaining a demurrer without leave to amend is subject to review on appeal from the appealable order of dismissal].)  We conclude that the inclusion of the words "without prejudice" did not change the appealability of the judgment.

In deciding this issue, we are guided by *Topa Ins. Co. v. Fireman's Fund Ins. Companies* (1995) 39 Cal.App.4th 1331 (*Topa*).  There, the trial court entered an order barring further claims against Fireman's Fund until costs and expenses described in a settlement agreement should exceed $1.5 million—the amount covered by Fireman's Fund's excess policy—and dismissed the complaint without prejudice.  The appellate court held that the dismissal without prejudice consisted of a final adjudication under the peculiar facts of the case:  "We take the trial court's determination that the involuntary dismissal should be without prejudice to mean no more than that if, at some indeterminate future time, [the insured] should incur defined remedial costs and expenses in excess of $1.5 million and submit a further claim to Fireman's Fund, [plaintiff] would then be at liberty to file a new action against Fireman's Fund based on those new facts. We are satisfied that the order represents a final judicial determination of [plaintiff's] rights against Fireman's Fund in *this* action and therefore is appealable in accordance with the general rule." (*Id.* at p. 1336; see also *Abatti v. Imperial Irrigation Dist.* (2012) 205 Cal.App.4th 650, 665–667 [claims that have been involuntarily dismissed, whether with or without prejudice, are not pending for purposes of the one final judgment rule].)

11

Here, as in *Topa*, the probate court's recitation that the dismissal was without prejudice simply meant that at some indeterminate future time when the Trust became irrevocable, then Edward would be able to file a new action against the trustee based on those new facts.  Moreover, allowing the relation back doctrine to apply under these facts would defeat the purpose of section 16061.8, which is to impose a clear deadline to file any action contesting a trust.  If the relation back doctrine applied here, then any individual that filed an action contesting a trust while the trust was revocable would have an indefinite time period to file a similar action once the trust became irrevocable.

In summary, the probate court properly dismissed the petition because it was untimely filed.

### DISPOSITION

The judgment is affirmed.  Objector and Respondent is entitled to her costs on appeal.


MCINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

MCDONALD, J.

12