Filed 3/6/14  In re Matthew W. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Matthew W., a Person Coming Under the Juvenile Court Law. | B248928<br>(Los Angeles County<br>Super. Ct. No. KJ36363) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MATTHEW W.,<br><br>　　　　Defendant;<br><br>SCOTT A.W. et al.,<br><br>　　　　Appellants. | |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Geanene M. Yriarte, Judge.  Dismissed.

　　　　Mary Bernstein, under appointment by the Court of Appeal, for Appellants.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Mathews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Scott A.W. and Lori J.W. purport to appeal from a juvenile court order denying their son's petition to seal juvenile court records. We find the parents have no standing to appeal. Accordingly, we dismiss the appeal.

Welfare and Institutions Code section 781 governs petitions to seal juvenile court records. Section 781 is part of Chapter 2 of the Welfare and Institutions Code, the Arnold-Kennick Juvenile Court Law. (§§ 200-987.) California Rules of Court rule 8.405 governs appeals from juvenile court orders and states in part: "(1) To appeal from a judgment or appealable order under these rules, the appellant must file a notice of appeal in the superior court. . . . . [¶] (2) The appellant or the appellant's attorney must sign the notice of appeal." The present notice of appeal was filed by Scott A.W. and Lori J.W. The notice of appeal is also signed by Scott A.W. and Lori J.W. The parents purport to appeal from the "[d]enial of sealing [our] son[']s juvenile record."

Our Supreme Court has held: "Not every party has standing to appeal every appealable order. Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. (E.g., *In re L.Y.L.* (2002) 101 Cal.App.4th 942, 948; cf. Code Civ. Proc., § 902 ['Any party aggrieved may appeal . . . .'].) An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. (*In re L.Y.L., supra,* [101 Cal.App.4th] at p. 948; see *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737; *Estate of Colton* (1912) 164 Cal. 1, 5.)" *In re K.C.* (2011) 52 Cal.4th 231, 236; accord, *In re J.C.* (2014) 222 Cal.App.4th 1489, 1492-1494 [mother not receiving reunification services lacked standing to appeal juvenile court's dismissal of dependency jurisdiction over adult child].) It is well settled that standing to appeal is jurisdictional. (*In re Estate of Bartsch* (2011) 193 Cal.App.4th 885, 890; *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947; *People v. Stark* (2005) 131 Cal.App.4th 184, 200; *In re Harmony B.* (2005) 125 Cal.App.4th 831, 837-838; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295.) Whether a person has standing to appeal is a question of law. (*Bridgeman v. Allen*

(2013) 219 Cal.App.4th 288, 292; *People v. Hernandez* (2009) 172 Cal.App.4th 715, 719-720.)

To determine whether the parents are aggrieved by the juvenile court order denying their son's petition to seal his juvenile court records, we must precisely identify their interest in the matter. (*In re K.C., supra,* 52 Cal.4th at p. 236.) The parents were never parties of record to the juvenile court proceedings involving their son. (See *County of Alameda v. Carleson*, *supra,* 5 Cal.3d at p. 736 [generally, only parties of record may appeal]; *In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 13; *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136, 142.) The parents have not identified any direct manner in which the fact that their son has a juvenile record affects them. The parents were the victims of their son's crimes. The father wrote a letter to the juvenile court judge. That letter is attached to the parents' notice of appeal. In the letter, the father states that the son had a job offer but was unable to pass the background check. The father also states: "My wife and I have retired and would very much like to move to Florida. We cannot in good conscience move without [our son's] ability to support himself." That concern does not confer legal standing to appeal. (Cf. *In re J.C., supra,* 272 Cal.App.4th at p. 1494.) The parents' unfulfilled desire to move to Florida and their unwillingness to do so until their son is employed is a remote consequence of the juvenile court's ruling. There is no showing the parents' rights have been injuriously affected by the decision in an immediate and substantial way. The parents have not shown that they are aggrieved by the juvenile court's order denying their son's petition to seal his juvenile court records. As a result, their appeal must be dismissed.

3

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


MOSK, J.


KRIEGLER, J.

4