Filed 4/28/21  Estate of Cohen CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Estate of BISHOP COHEN, Deceased. | |
| EVERED COHEN, as Administrator, etc., <br><br> Petitioner and Respondent, <br><br> v. <br><br> MARY COHEN et al., <br><br> Objectors and Appellants. | A155401 <br><br> (City & County of San Francisco Super. Ct. No. PES-13-297154) |

Mary Cohen, Frank Cohen, and Angie Broughton appeal five probate court orders related to the estate of Bishop Cohen, Mary's late husband.[1] They argue, among other things, that the orders should be reversed because the trial court erred in (1) finding Mary was not the surviving spouse and (2) approving the administrator's accounting of noncash assets.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bishop died intestate on May 27, 2013.  At the time of his death, Bishop was married to Mary.

---

[1] We refer to individuals by their first names to avoid confusion and with no disrespect intended.

1

On October 2, 2013, Evered Cohen petitioned the probate court to be appointed as administrator of Bishop's estate. Evered is the biological son of Bishop from a prior marriage. The petition was granted on November 19, 2013. Mary moved to vacate the appointment. The motion was denied on March 17, 2014. Mary appealed both the November 19, 2013 and the March 17, 2014 orders. The notice of appeal was also signed by Angie Broughton. Angie is the biological daughter of Mary from a previous relationship. This court dismissed the appeal for failure to file an opening brief and issued remittitur.

On March 20, 2015, Evered filed a petition under Probate Code section 850,[2] which allows the administrator of an estate to file a petition where the decedent has a claim to personal property possessed by another. (§ 850, subd. (a)(2)(D).) The petition contained the following allegations. While Bishop and Mary were married at the time of his death, they had been legally separated pursuant to a stipulated judgment entered in a family law action on May 29, 2002. The stipulation confirmed various items to Bishop as his sole and separate personal property, including a coin collection and a truck. Mary had keys to Bishop's residence and wrongfully removed his personal property after his death.

The petition requested orders (1) requiring that Mary appear in court for examination and provide an accounting of Bishop's personal property; (2) establishing estate ownership of Bishop's personal property; and (3) imposing a penalty against Mary under section 859, which provides that a person may be liable for twice the value of property wrongfully taken in bad faith and recovered in probate proceedings. On October 2, 2015, the probate

---

[2] Unless otherwise indicated, all further section references will be to the Probate Code.

court granted the petition in part, ordering Mary to appear in court and prepare a written inventory of the personal property removed from Bishop's residence.

On December 17, 2015, the probate court entered an order of contempt based on Mary's failure to file or serve the ordered inventory. Mary appealed the December 17, 2015 order, as well as other interim orders regarding the inventory and court appearances.[3] This court dismissed the appeal for failure to file an opening brief and issued remittitur.

On July 15, 2016, the probate court entered an order finding that Mary had not complied with its prior orders, had not prepared and delivered the required inventory, and did not appear for the hearing to be examined. The probate court ordered Mary to immediately prepare and deliver an inventory, physically deliver the property to be inventoried to Evered's counsel, and appear in court.

On October 20, 2016, the probate court entered an order granting the Probate Code section 850 petition in full. It found that, despite reissuance of its orders, Mary had willfully failed to comply by failing to prepare and file the inventory, turn over Bishop's personal property, and appear for examination under oath. It ordered Mary to file and serve a complete inventory and to physically deliver the property to Evered's counsel within 10 days of service of the order. It also determined that all assets identified in the Probate Code section 850 petition were assets of Bishop's estate. It also awarded double damages against Mary under Probate Code section 859 based on her conduct. It bifurcated the issue of the value of the assets to be determined by separate proceeding or petition for final distribution. (See

---

[3] The notice of appeal incorrectly identified some of the dates of the orders.

3

Prob. Code, § 1000 [rules of practice from Code of Civil Procedure apply in probate proceedings]; Code Civ. Proc., §§ 598, 1st par., 1048, subd. (b) [permitting bifurcation of issue when fair, efficient, or convenient].)

On March 21, 2018, Evered filed his first accounting as administrator. Among other things, it contained an inventory and appraisal of Bishop's noncash assets valued at $1,595,760, including the coin collection valued at $1,529,860 and the truck valued at $25,000. It alleged that Mary's refusal to return these assets "made it impossible for [Evered] to accurately value the property taken" but that he had based his inventory and appraisal on "a due diligence investigation as to the identification and nature of the missing assets . . . , including declarations of family members with personal knowledge of the assets and internet research." It attached a declaration by Bishop Jason Cohen (Jason), Bishop's grandson, who attested that Bishop had asked him to research the value of certain personal items, including the coin collection, shortly before his death. The declaration attached a list of Jason's purported coin collection research, with the value totaling $1,529,860. The first accounting also requested that the probate court either find that Mary was not Bishop's surviving spouse or, in the alternative, surcharge Mary's share of the estate for the damages she had caused.

On August 13, 2018, a hearing was held on the first accounting. Mary was not present at the hearing. Frank Cohen, the biological son of Bishop and Mary, appeared in pro per. The record reflects that at the hearing Frank "stated that he is here to object, that he lives at the home, that he feels there is an over valuation and that his Father did not have $1,000,000.00 in coins. Frank Cohen also stated that he does not want a lien on the house, that he and his Mother are disabled and that the house is homesteaded."

4

On August 28, 2018, the probate court entered an order settling and approving the first accounting. It determined the value of Bishop's tangible personal property taken by Mary to be fixed at $1,595,760, doubled to $3,191,520 pursuant to the October 20, 2016 order. With additional fees for litigation caused by Mary, the probate court surcharged the share of the estate distributable to Mary in the amount of $3,245,261.39. It entered judgment for Evered and against Mary in that amount and authorized and directed Evered to record a lien against a property owned by Mary in Patterson, California. The probate court struck a sentence from the order stating that Mary was not the "surviving spouse" for purposes of determining intestate succession to Bishop's estate, and that Mary should not be entitled to a distributive share of the estate. This appeal followed.

## DISCUSSION

Mary, Angie, and Frank purport to appeal five probate court orders in this appeal: (1) the November 19, 2013 order; (2) the March 17, 2014 order; (3) the July 15, 2016 order; (4) the October 20, 2016 order; and (5) the August 28, 2018 order.[4] Before turning to the substance of their arguments, we address Evered's response that we lack jurisdiction to review the orders and that Angie and Frank lack standing to appeal them.

## I. JURISDICTION

Evered argues that we lack jurisdiction to review any of the probate court orders identified in the notice of appeal. As to the November 19, 2013 and March 17, 2014 orders, Mary and Angie already appealed them. This court dismissed that appeal. "The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless

---

[4] The notice of appeal incorrectly identifies the dates of the first two orders.

5

the dismissal is expressly made without prejudice to another appeal." (Code Civ. Proc., § 913.) Accordingly, we conclude that we lack jurisdiction to review the November 19, 2013 and March 17, 2014 orders.[5]

As to the July 15, 2016 order, Evered argues that the order is not appealable. Section 1303 identifies the orders regarding a decedent's estate that are appealable, including orders determining entitlement and orders directing distribution of property. (§ 1303, subds. (f)–(g).) Evered contends that the July 15, 2016 order, directing Mary to comply with previous orders regarding the inventory and court appearances, is not covered by section 1303. Mary, Angie, and Frank provide no argument or authority to the contrary. We conclude that they have not met their burden to show that the July 15, 2016 order is appealable. (See Cal. Rules of Court, rule 8.204(a)(2) [opening brief must explain why the order appealed from is appealable].)

As to the October 20, 2016 order, Evered argues that the appeal is untimely. The notice of appeal was filed over two years after the order was served, long after the 60-day deadline imposed by California Rules of Court, rule 8.104(a)(1). Mary, Angie, and Frank contend that this deadline does not apply because the October 20, 2016 order is "void." We do not find the argument persuasive. An order that is "void on its face" may be changed at any time. (*Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 854.) Here, Mary, Angie, and Frank argue that the October 20, 2016 order is "void" because it implicitly accepts that certain assets were Bishop's personal property pursuant to the stipulated judgment from 2002, and that the stipulated judgment was void because Mary did not personally sign it and Bishop's

---

[5] Given this conclusion, we need not address the challenge to the November 19, 2013 order that Evered's appointment as administrator of the estate is void.

counsel fraudulently misrepresented her consent. This is not an argument that the order is "void on its face." (*Ibid.*) We thus conclude that the appeal of the October 20, 2016 order is untimely.[6] (See *Estate of Hanley* (1943) 23 Cal.2d 120, 122 ["[T]he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period"].)

As to the August 28, 2018 order, Evered argues that Mary, Angie, and Frank waived their right to seek review because the only objections presented to the probate court were made by Frank, who lacked standing to do so. We thus turn to the issue of standing to resolve this question.

## II. STANDING

Evered argues that both Angie and Frank lack standing to appeal the August 28, 2018 order. As to Angie, he contends that she lacks standing because she is not one of Bishop's children and has no interest in Bishop's estate. We agree. "To have standing to appeal, a person generally must be a party of record and be sufficiently aggrieved . . . by the order." (*Bridgeman v. Allen* (2013) 219 Cal.App.4th 288, 292 [discussing standing to appeal probate order].) "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.) Here, there is nothing that suggests Angie has any such right or interest. Angie's purported interest in *Mary's*

---

[6] Given this conclusion, we need not address the challenge to the October 20, 2016 order that Mary is not liable for double damages under section 859.

7

estate, which Mary "might attempt to leave" to Angie, does not meet this standard.[7]

As to Frank, Evered concedes that Frank is an heir who possesses a property interest in Bishop's estate and that Frank has the right to appeal orders affecting his interest. But according to Evered, Frank does not have standing to appeal the August 28, 2018 order because his objections at the hearing did not "transform him" into an "interested person" with standing. (Boldface omitted.) Evered contends that Frank's objections—on the alleged overvaluation of the coin collection and the lien on the Patterson property— would have "led to a negative effect on his intestate share . . . ." In other words, Frank's objections would have decreased what Mary owed to the estate and, thus, decreased Frank's distributive share. Thus, Evered contends that the order "gives Frank *more* financial benefit than he would have received had his objections been granted."

As a preliminary matter, we are not persuaded that Frank's objections had no potential personal benefit, especially in light of his representation that he was living at the Patterson property with Mary. In any event, Evered cites no authority for his argument that Frank can be divested of standing by taking a position that may run counter to his financial interest in the estate. Accordingly, we conclude that Frank has standing to appeal the August 28, 2018 order, and thus turn to the substantive arguments raised on the appeal of this order.

---

[7] Having concluded that Angie lacks standing to appeal, we need not consider Evered's argument that she lacks standing to participate in the probate proceedings because she is not an "interested person" under section 48. (See *Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 69 [standing to appeal does not turn on whether party had standing in trial court].)

8

## III. AUGUST 28, 2018 ORDER

Mary and Frank argue that the August 28, 2018 order should be reversed for two reasons. First, they contend that the trial court erred in "purportedly finding" that Mary was not Bishop's surviving spouse. Evered responds that the argument is forfeited because it was not raised in the probate court. We agree.[8] The record does not show any oppositions or written objections to the first accounting, or any oral argument at the August 13, 2018 hearing related to Mary's status as a surviving spouse. Accordingly, we treat the argument as forfeited.[9] (See *Estate of Herzog* (2019) 33 Cal.App.5th 894, 907 [concluding argument was forfeited where not raised in probate court].)

Second, Mary and Frank contend that the trial court erred by approving Evered's first accounting. They contend that the accounting is objectionable because (1) there is insufficient evidence that the coin collection is worth $1,529,860 or that the truck is worth $25,000; and (2) Evered improperly relied on Jason's research regarding the value of the coins, instead of a probate referee or other qualified professional.

---

[8] Mary, Angie, and Frank filed a separate request for judicial notice with their opening brief. We deferred ruling on the request until the merits of the appeal. (See *People v. Preslie* (1977) 70 Cal.App.3d 486, 493–494.) Having now considered the request, we deny it in full. The request asks us to take judicial notice of court documents and authority relied upon for the argument that Mary is Bishop's surviving spouse. In light of our conclusion that this argument is forfeited, we deny the requests for judicial notice as unnecessary to our decision. (See, e.g., *TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 146, fn. 3.)

[9] We note that, even if the argument had not been forfeited, the August 28, 2018 order contains no finding that Mary was not Bishop's surviving spouse.

9

Section 8906 provides that "an interested person may file with the court a written objection to the appraisal." (§ 8906, subd. (a).) "The person objecting to the appraisal has the burden of proof." (*Id.*, subd. (d); see *Conservatorship of Hume* (2006) 140 Cal.App.4th 1385, 1392–1393.) The record reflects that Mary and Frank did not follow the proper procedure for objecting to the appraisal and offered nothing to satisfy their burden of proof on the objections. Accordingly, we conclude there was no error.

## IV.   FRIVOLOUSNESS OF APPEAL

Evered requests an award of fees and costs incurred in this appeal because the appeal is frivolous. Code of Civil Procedure section 907 provides, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

The instant appeal comes right up to the line of frivolousness: As described *ante*, (1) it seeks a reversal of orders that were already appealed, were not appealable, or constituted an untimely appeal; (2) it includes a party (Angie) who does not have standing to appeal; and (3) it asserts an argument that has been forfeited. By forcing us to examine those myriad arguments before rejecting them as having no bases, the appeal has caused a "useless diversion of this court's attention" from "[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes . . . ." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17.)

Nonetheless, our Supreme Court has advised us that we should determine that an appeal is frivolous "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without

10

merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "[T]he punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 51.) Here, the appeal of the August 28, 2018 order is based in part on Frank's objections to Evered's first accounting raised at the August 13, 2018 hearing. While we determined that the trial court did not err in approving the first accounting over those oral objections, we cannot conclude that this appeal was prosecuted only for an improper motive, or was so totally and completely without all arguable merit as to justify a determination of frivolousness under this standard.

## DISPOSITION

The order is affirmed. Evered is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____

Jackson, J.

WE CONCUR:


_____

Petrou, Acting P. J.


_____

Wiseman, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.